[Civ. No. 68785. Second Dist., Div. Four. Nov. 2, 1984.]

CAL-AMERICAN INCOME PROPERTY FUND IV, Plaintiff and Appellant, v.
MARGARET HO, Defendant and Respondent.

584

Meller & Snyder and William C. Snyder for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—On December 1, 1977, the parties entered into a lease for a portion of a shopping complex for the purpose of defendant conducting thereon a restaurant. That lease called for a fixed "rent" and also contained several covenants, of which two are herein involved. Paragraph 7 required the tenant (defendant) to pay real estate taxes assessed against the demised property, and paragraph 20 required the tenant to pay her proportionate share of the cost of maintaining the common areas of the shopping center in which the demised property was located.

Defendant became in default both in her rental payments and in paying taxes and of her proportionate share of the maintenance of the common area. Plaintiff duly served the notices required by section 1161 of the Code of Civil Procedure—one notice being served for each default. Defendant not having complied with the notices, this unlawful detainer action was brought.

The trial court gave judgment for the plaintiff landlord on the first two causes of action (rent and taxes) but gave judgment for the tenant on the third cause of action (maintenance contribution). Plaintiff landlord has appealed from the adverse portion of the judgment. We reverse.

■ Unlawful detainer is a highly specialized form of litigation. Highly summary in nature, the code requirements must be followed strictly, otherwise a landlord's remedy is an ordinary suit for breach of contract with all the delays that remedy normally involves and without restitution of the demised property. ■ Subdivision 2 of section 1161 of the Code of Civil Procedure limits actions under that subdivision, which deals with default in "rent" to actions served "within one year after the rent became due." If a landlord waits over one year to sue for unpaid rent he is relegated to an ordinary breach of contract action, which results only in a money judgment without restitution of the demised property. On the other hand, subdivision 3 of that section, which deals with breaches of covenants, contains no time limitation, leaving the ordinary statute of limitations to apply. The problem in the case at bench arises from the fact that many covenants, enforceable under subdivision 3, call for refraining from conduct deemed objectionable, or for conduct not calling necessarily for the payment of money. However, in the case at bench, the two covenants which the landlord seeks to enforce both involve the payment of money for the benefit of the landlord, and for no other conduct or restraint. ■ The defendant, and the trial court, took

the position that, although cast in the form of "covenants" the payments were merely "rent" and thus subject to the time limitation of subdivision 2. The tax provision obligation was within the one-year period, the maintenance contribution was not—hence the limitation in the judgment.

We disagree with the interpretation of the term "rent" as applied to this case. We are cited to no authoritative definition of the term "rent" as used in section 1161, and have found none. We agree that, for many accounting purposes, the obligations imposed by paragraphs 7 and 20 might be treated as part of the "rent," being costs of occupancy of the demised property. However, both the lease and the statute carefully distinguish between "rent" in the form of regular periodic payment for the occupancy and other duties owed to the landlord. We conclude that that differentiation results in "rent" for purpose of the time limitation of section 1161, referring only to the periodic payment which the parties have themselves labeled as "rent" and not to other obligations, even though involving the payment of money.

Since there is no issue as to the amounts involved, the judgment is reversed insofar as it denies recovery under count three of the complaint; and the case is remanded with directions to enter a new and revised judgment for plaintiff for all amounts sought in the complaint.

Woods, P. J., and McClosky, J., concurred.