[No. A090039. First Dist., Div. Three. Jan. 31, 2001.]

LEVITZ FURNITURE COMPANY OF THE PACIFIC, INC., Plaintiff and Appellant, v.
WINGTIP COMMUNICATIONS, INC., Defendant and Respondent.

**COUNSEL**

Thelen Reid & Priest, Daven G. Lowhurst and Scott E. Hennigh for Plaintiff and Appellant.

McNichols, Randick, O'Dea & Tooliatos and Phillip G. Vermont for Defendant and Respondent.

**OPINION**

**McGUINESS, P. J.**—In this case, we consider whether a commercial lessor's three-day notice to quit or pay, which includes a demand for rent

unpaid for more than a year before the notice was served, can support an action for unlawful detainer. We conclude that inclusion of rent due for over a year is not fatal to an unlawful detainer action, if the notice also includes a demand for payment of rent due within a year of the notice.

## I. FACTS

Levitz Furniture Company of the Pacific, Inc. (Levitz) subleased property in a shopping center to Wingtip Communications, Inc. (Wingtip). On July 30, 1999, Levitz served a three-day notice to pay rent or quit on Wingtip.[1] The notice stated that rent was due in the "reasonably estimated sum of $99,025.40." That sum was derived from a single payment of $6,646 due in December 1997 and 12 payments of $7,310, due each month from August 1998 through July 1999. When Wingtip neither paid the rent nor quit the premises, Levitz sued for unlawful detainer, seeking restoration of the premises and rent of $99,025.40.

Just prior to trial, Wingtip moved for judgment on the pleadings, claiming that Levitz's inclusion of the December 1997 rent invalidated the three-day notice and, thus, precluded Levitz's successful prosecution of an unlawful detainer action. The trial court agreed and granted Wingtip's motion without leave to amend. Judgment was subsequently entered in Wingtip's favor.

## II. ANALYSIS

This case involves the potential impact of Code of Civil Procedure[2] section 1161.1 on certain provisions of section 1161. The common law rule governing unlawful detainer was codified in California in 1863. (*Gage v. Bates* (1870) 40 Cal. 384.) Section 1161 has governed unlawful detainer actions since 1872; although amended on several occasions in the interim, section 1161 has established the same general procedural requirements for unlawful detainer actions since 1905.[3] Section 1161.1, added to the code in 1990, alters some of those requirements in commercial contexts.

Section 1161 provides: "A tenant of real property, for a term less than life, or the executor or administrator of his or her estate heretofore qualified and now acting or hereafter to be qualified and act, is guilty of unlawful detainer: [¶] . . . [¶] 2. When he or she continues in possession, in person or by subtenant, without the permission of his or her landlord, or the successor in

---

[1] The notice actually gave Wingtip five days to act.

[2] All further statutory references are to the Code of Civil Procedure.

[3] Subdivision 2 of section 1161—the key provision for our purposes—has remained unchanged since 1905.

estate of his or her landlord, if any there be, after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him or her and if there is a subtenant in actual occupation of the premises, also upon the subtenant. [¶] Such notice may be served at any time within one year after the rent becomes due."

Due to the summary nature of such an action, a three-day notice is valid only if the landlord strictly complies with the provisions of section 1161, subdivision 2 (section 1161(2)). (*Kwok v. Bergren* (1982) 130 Cal.App.3d 596, 599-600 [181 Cal.Rptr. 795].) As set forth above, a three-day notice must include "the amount which is due." (§ 1161(2).) A notice that seeks rent in excess of the amount due is invalid and will not support an unlawful detainer action. (*Ernst Enterprises, Inc. v. Sun Valley Gasoline, Inc.* (1983) 139 Cal.App.3d 355, 359 [188 Cal.Rptr. 641] (*Ernst*).) In addition, a three-day notice must be served within one year after the rent "becomes due." (§ 1161(2).) If the landlord waits over a year to sue for unpaid rent, he or she is limited to collecting such rent in a standard breach of contract action, "which results only in a money judgment without restitution of the demised property." (*Cal-American Income Property Fund IV v. Ho* (1984) 161 Cal.App.3d 583, 585 [207 Cal.Rptr. 532] (*Ho*).)

Section 1161.1 provides: "With respect to application of Section 1161 in cases of possession of commercial real property after default in the payment of rent: [¶] (a) If the amount stated in the notice provided to the tenant pursuant to [section 1161(2)] is clearly identified by the notice as an estimate and the amount claimed is not in fact correct, but it is determined upon the trial or other judicial determination that rent was owing, and the amount claimed in the notice was reasonably estimated, the tenant shall be subject to judgment for possession and the actual amount of rent and other sums found to be due. However, if (1) upon receipt of such a notice claiming an amount identified by the notice as an estimate, the tenant tenders to the landlord within the time for payment required by the notice, the amount which the tenant has reasonably estimated to be due and (2) if at trial it is determined that the amount of rent then due was the amount tendered by the tenant or a lesser amount, the tenant shall be deemed the prevailing party for all purposes. If the court determines that the amount so tendered by the tenant was less than the amount due, but was reasonably estimated, the tenant shall retain the right to possession if the tenant pays to the landlord within five days of the effective date of the judgment (1) the amount previously tendered if it had not been previously accepted, (2) the difference

between the amount tendered and the amount determined by the court to be due, and (3) any other sums ordered by the court. [¶] . . . [¶] (e) For the purposes of this section, there is a presumption affecting the burden of proof that the amount of rent claimed or tendered is reasonably estimated if, in relation to the amount determined to be due upon the trial or other judicial determination of that issue, the amount claimed or tendered was no more than 20 percent more or less than the amount determined to be due."

■ Levitz argues, as it did in the trial court, that section 1161.1 liberalized the notice requirements for landlords in a commercial context. Levitz asserts that, where (as here) past due rent is *estimated* in a notice to pay or quit, inclusion of rent that is more than a year past due is of no consequence as long as the total rent set out in the notice is "reasonably" estimated (as described in subd. (e) of § 1161.1). Wingtip replies, as it did in the trial court, that section 1161.1 has no effect if the sum demanded in the notice (whether reasonably estimated or not) includes rent more than one year past due. Wingtip principally relies on *Bevill v. Zoura* (1994) 27 Cal.App.4th 694 [32 Cal.Rptr.2d 635] (*Bevill*) in support of its argument.

In *Bevill*, Zoura leased space in a shopping center from Bevill under a written agreement. When Zoura fell behind in rent payments, Bevill served a three-day notice, demanding rent and various common area maintenance charges totaling $40,033.28. Included in that figure was rent in the sum of $17,932.70, unpaid for more than one year before the three-day notice was served. When Zoura neither paid nor quit the premises, Bevill sued for unlawful detainer. The trial court found in Bevill's favor. The judgment awarded Bevill possession and damages, including rent payments for a one-year period prior to the three-day notice. (*Bevill, supra,* 27 Cal.App.4th at p. 696.)

On appeal, Zoura argued that the three-day notice was invalid because Bevill's notice included rent due for more than one year prior to the notice. Bevill conceded that point on appeal. The only argument advanced by Bevill was that Zoura waived his right to assert defects in the notice by failing to raise issues relating to that notice as an affirmative defense—an argument rejected by the Court of Appeal. (*Bevill, supra,* 27 Cal.App.4th at pp. 697-698.) The Court of Appeal observed that section 1161.1 permits a landlord in a commercial context to estimate the rent due. However, the court noted that Bevill did not claim that he was entitled to employ section 1161.1 in his case; the court also stated that section 1161.1 was "inapplicable" because Bevill's notice did not state that the amount claimed was an "estimate." (*Bevill, supra,* 27 Cal.App.4th at p. 697, fn. 2.)

Two conclusions emerge from *Bevill*. First, *Bevill* does not establish a rule that the mere inclusion of rent due more than a year before a three-day notice automatically invalidates the notice. That point was *conceded* by Bevill. Further, *Bevill* did not resolve the impact of section 1161.1 on cases such as the one at bench, where a landlord clearly states that the rent claimed in the notice *is* estimated.[4]

The key to understanding the impact of section 1161.1 on section 1161(2) in a commercial setting is to recognize that section 1161(2) embodies two separate requirements. One portion of section 1161(2) requires that a three-day notice state "the amount which is due." The second permits service of the notice "at any time within one year after the rent becomes due."

Different policies drive the two requirements. As noted above, a notice that seeks rent in excess of the amount due is invalid. (*Ernst, supra,* 139 Cal.App.3d at p. 359.) Thus, the first provision discourages a landlord's claiming an overdue rental figure that is so exaggerated that a tenant would never choose to pay. The second provision has to do with fairness. It prevents a landlord's sitting on his or her rights, when rent is unpaid at some point during the life of a lease, then using long-overdue rent (but no recently overdue rent) to effect an eviction.

In our view, section 1161.1 affects only the first of the two provisions of section 1161(2). Its effect is to "ameliorate[] the consequences of a commercial property landlord's failure to provide the correct claimed amount in the lessor's three-day notice to the tenant to cure or vacate the premises." (Nellis & Dewees, *Significant New State Legislation Enacted in 1990* (Cont.Ed.Bar 1991) 14 Real Prop. L.Reptr. 45, 49.) Such amelioration makes sense in a commercial context, where monthly rent in not always easily fixed or readily ascertained by simply reading the terms of a lease. Often, rents are affected by a tenant's revenues, assessments made by taxing authorities that are passed on to a tenant, and the like. If a landlord is required to fix the exact sum due at his peril, unlawful detainer becomes an elusive—if not unavailable—remedy. By permitting a landlord to set out a reasonable estimate of the sum due, unlawful detainer becomes a viable remedy for commercial landlords.

As noted, however, we do not see how section 1161.1 impacts the second provision of section 1161(2). The fact that a commercial landlord may

---

[4]The fact that *Bevill* mentioned section 1161.1 and noted its inapplicability in that case may reflect the *Bevill* court's view that the notice *would* have been valid, if, as in the case at bench, Bevill *had* indicated in the three-day notice that the sum due was an "estimate." (*Bevill, supra,* 27 Cal.App.4th at p. 697, fn. 2.)

estimate rent due does not necessarily mean that he or she is excused from serving a three-day notice within one year of the time that "the rent becomes due." However, we see no reason why a three-day notice that demands payment of rents due within one year of the notice is automatically invalidated because it also sets out (or demands) rent due *more* than a year before the notice. Such invalidation is not mandated by the policy underlying the second provision of section 1161(2), that is, preventing a landlord from using long overdue rent—but no rent unpaid within one year—to effect an eviction.

Two additional considerations support our view of the impact of section 1161.1 on section 1161(2). First, section 1161.1 provides procedural safeguards for commercial tenants that are unavailable to noncommercial tenants. Under section 1161.1, a tenant can avoid eviction by tendering the sum the *tenant* has "reasonably estimated" to be due. For all practical purposes, if a tenant tenders a sum that is within 20 percent of the sum ultimately determined to be due (and pays the difference within five days of the "effective date of the judgment"), he or she will retain the right of possession. (§ 1161.1, subds. (a) & (e).) Examined in that light, section 1161.1 provides benefits to both landlords and tenants. Landlords gain a tool that, as analyzed above, is useful and appropriate in a commercial setting, where rents are not always easily fixed. Tenants gain a tool to avoid eviction, when a landlord fails to provide a "reasonable" estimate of the rent due in a three-day notice.

We also observe that invalidating the three-day notice in the case at bench would exalt form over substance. Here, it appears that the notice given by Levitz "reasonably estimated" the sum due from Wingtip—even if the $6,646 due in December 1997 was improperly included. Put differently, exclusion or invalidation of that sum would still make the $99,025.40 estimate "reasonable," as it represents a sum that is less than 20 percent more than the sum due within one year of the notice. As Wingtip candidly admitted at oral argument, the only reason it can argue that the notice given by Levitz was invalid was because Levitz included one "extra" month (December 1997). Seen in that context, invalidating the notice would penalize Levitz for being forthcoming about the source or the method of calculation of its "estimate." Such a result seems unmerited from the language of the statutes and the policies underlying them.

Wingtip cites three additional authorities in an effort to persuade us that our view of sections 1161.1 and 1161(2) is incorrect: (a) 4 Witkin, Summary of California Law (2000 supp.) Real Property, section 702, page 445; (b)

Friedman et al., California Practice Guide: Landlord-Tenant (The Rutter Group 2000) paragraphs 7:104-7:105.1, pages 7-28-6 to 7-28-10; and (c) *Archbishop of Guam v. G.F.G. Corp.* (D. Guam, Apr. 21, 1997, No. Civ. 96-00048A) 1997 WL 208978 (*G.F.G.*). None of the authorities cited affect our conclusion about the impact of section 1161.1 on section 1161(2).

We first observe that Witkin merely stated that section 1161.1 "deals with the application of [section] 1161 'in cases of possession of commercial real property after default in the payment of rent.' " (4 Witkin, Summary of Cal. Law, *supra,* at p. 445.) That proposition is evident from the introductory language of section 1161.1; however, it is not useful in resolving the question before us.

The Rutter Group (Rutter) first notes the general proposition that, in a noncommercial context, the inclusion of rent due more than a year before notice is given is fatal to an action under section 1161. (Friedman et al., Cal. Practice Guide: Landlord-Tenant, *supra,* ¶ 7:105, pp. 7-28.9 to 7-28.10.) Rutter then states that that one-year limitation "*apparently* applies regardless of whether the landlord served a traditional [section] 1161(2) nonpayment notice or a [section] 1161.1 'estimated' rent demand . . . ." (*Id.* at ¶ 7:105.1, p. 7-28.10, italics added and omitted.) The authority cited by Rutter for that tentative conclusion is the language of section 1161.1, which we have analyzed above. As noted, our analysis of the two statutes and the policies underlying them leads us to a different conclusion.

*G.F.G.* involved a rent demand under 21 Guam Code Annotated section 21103, which is nearly identical to California's section 1161. The landlord did not demand an "estimated" rent, and the *G.F.G.* court addressed no issues dealing with a statute comparable to California's section 1161.1. (*G.F.G., supra,* 1997 WL 208978.)

In sum, neither *Bevill* nor any of the authorities discussed above leads us to conclude that the notice given by Levitz in the case at bench was invalid.

### III. CONCLUSION

As reflected above, a landlord who waits more than one year to sue for rents due from a tenant may be restricted to collecting such rents in a separate action for breach of contract. (See *Ho, supra,* 161 Cal.App.3d at p. 585.) Nonetheless, invalidation of an otherwise proper notice (one that reasonably estimates rent due within one year) because it includes a demand for rent due for more than a year is not required by the terms of section 1161(2), the policy underlying that statute, or the case law.

Accordingly, the three-day notice in the case at bench was valid. Thus, it was error for the trial court to grant a motion for judgment on the pleadings and enter judgment for Wingtip.

## IV. DISPOSITION

The judgment is reversed. Wingtip to bear costs of appeal.

Corrigan, J., and Parrilli, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 2, 2001. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.