Filed 3/10/21

## TO BE PUBLISHED IN THE OFFICIAL REPORTS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

| | |
|---|---|
| ESA MANAGEMENT, LLC,<br><br>　　　　Plaintiff(s) and Respondent(s),<br><br>　　v.<br><br>ROBERT JACOB,<br><br>　　　　Defendant(s) and Appellant(s). | Appellate Division No.: 37-2019-00200165-CL-UD-CTL<br>Trial Court Case No.:　37-2019-00020104-CL-UD-CTL<br>Trial Court Location:　Central<br><br>**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT** |

APPEAL from the July 26, 2019 unlawful detainer judgment in favor of ESA Management, LLC, and against Robert Jacob entered by the Superior Court, San Diego County, Ronald F. Frazier, Judge. This matter was scheduled for argument and taken under submission on March 5, 2021.

REVERSED and REMANDED.

The "60-Day Notice of Termination of Tenancy" was fatally defective and cannot support an unlawful detainer judgment. The notice failed to comply with Code of Civil Procedure section 1161(2). Code of Civil Procedure section 1161 provides in pertinent part:

> A tenant of real property, for a term less than life, or the executor or administrator of his or her estate heretofore qualified and now acting or hereafter to be qualified and act, is guilty of unlawful detainer:

---

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

1. When the tenant continues in possession… of the property… after the expiration of the term for which it is let to the tenant; *provided the expiration is of a nondefault nature* …; but nothing in this subdivision shall be construed as preventing the removal of the occupant in any other lawful manner; but in case of a tenancy at will, it shall first be terminated by notice, as prescribed in the Civil Code.

…2. When he or she continues in possession…*after default in the payment of rent*, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payment, stating the amount which is due, the name, telephone number, and address of the person to whom the rent payment shall be made, and, if payment may be made personally, the usual days and hours that person will be available to receive the payment …

(Italics added.) Although the operative notice here listed the reason for termination as "Nonpayment of rent," it did not include the amount of rent due or any information to permit the tenant to cure the default for nonpayment of rent as required by section 1161(2). Respondent failed to comply with the statutory requirements, which are strictly construed.

"Due to the summary nature of such an action, a three-day notice is valid only if the landlord strictly complies with the provisions of section 1161, subdivision 2 (section 1161(2)). [Citation.]" (*Levitz Furniture Co. v. Wingtip Communications* (2001) 86 Cal.App.4th 1035, 1038.) "Unlawful detainer is a highly specialized form of litigation. Highly summary in nature, the code requirements must be followed strictly, otherwise a landlord's remedy is an ordinary suit for breach of contract with all the delays that remedy normally involves and without restitution of the demised property." (*Cal–American Income Property Fund IV v. Ho* (1984) 161 Cal.App.3d 583, 585.)

The language contained in section 1161(2) is unambiguous, and "'[i]f there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.' [Citation.]" (*Allen v. Sully–Miller Contracting Co.* (2002) 28 Cal.4th 222, 227.) "It is a cardinal rule of statutory construction that in attempting to ascertain the legislative intention, effect should be given as often as possible to the statute as a whole and to every word and clause, thereby leaving no part of the provision useless or deprived of meaning. [Citation.]" (*Pham v. Workers' Comp. Appeals Bd.* (2000) 78 Cal.App.4th 626, 634.)

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

As explained in *Foster v. Williams* (2014) 229 Cal.App.4th Supp. 9, a Los Angeles Appellate Division case, which concluded that an unlawful judgment could not be supported by a defective notice:

> "A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. [Citation.]" (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697, 32 Cal.Rptr.2d 635.) A judgment must be reversed when it is based on a three-day notice which lacks the information required by Code of Civil Procedure section 1161, subdivision (2). (*See Baugh v. Consumers Associates, Limited* (1966) 241 Cal.App.2d 672, 674, 50 Cal.Rptr. 822, superseded by statute on other grounds, as indicated in *WDT–Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 526, 32 Cal.Rptr.2d 511; *Jayasinghe v. Lee* (1993) 13 Cal.App.4th Supp. 33, 37, 17 Cal.Rptr.2d 117.)

(See also *Hinman v. Wagnon* (1959) 172 Cal.App.2d 24 [Court of Appeal affirmed the trial court's order sustaining a demurrer without leave to amend and holding that plaintiff failed to state an unlawful detainer cause of action where the notice to quit for failure to pay rent was not framed in the alternative].)

A notice period longer than the three days set forth in section 1161(2) is certainly permitted. As explained in Rutter, California Practice Guide, Landlord-Tenant, Termination of Tenancy, section 7:98.6: "[A] lease provision requiring *longer* notice to a residential tenant (i.e., *more than* the prescribed three days) is valid (not violative of CCP § 1161 or Civ.C. § 1953); and a landlord who complies with such provision by serving *longer than* three-day notice will be held to have complied with the statutes. [*See Hsieh v. Pederson* (2018) 23 CA5th Supp. 1, 7, 232 CR3d 701, 705-706—unlawful detainer complaint filed after expiration of full prescribed 14-day notice period to pay rent or quit was not premature]." Respondent issued a 60-day notice, but if the notice is based on nonpayment of rent as it was here, the specific amount due and information as to how to cure the default must still be included in order to fully comply with section 1161(2).

Respondent's argument that defendant did not raise the defective notice as a defense or never intended to pay it is irrelevant to the *de novo* analysis of the legal sufficiency of the notice. A residential tenant cannot waive the notice provisions. (*Gersten Companies v. Deloney* (1989) 212

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

Cal.App.3d 1119,1128 ["Moreover, under California law, the tenant of a dwelling cannot waive the provisions of section 1161, subdivision (2). (Civ.Code, § 1953, subd. (a)(3); *see Folberg v. Clara G.R. Kinney Co.*, (1980) 104 Cal.App.3d 136, 140, 163 Cal.Rptr. 426.)"].)

If judgment had been properly entered against plaintiff ESA Management, plaintiff could have elected to serve another notice which fully complied with Code of Civil Procedure section 1161(2) and pursued another unlawful detainer action if rent remained unpaid. In the alternative, prior to trial, plaintiff could have requested the trial court to convert the action from a summary unlawful detainer proceeding into a limited action for breach or non-payment of rent where plaintiff would not have the benefit of the accelerated summary proceedings. (See, e.g., *Lynch & Freytag v. Cooper* (1990) 218 Cal.App.3d 603.)

Respondent's compliance with the Tenants' Right to Know Regulations set forth in the San Diego Municipal Code section 98.0701 et seq. does not serve to satisfy the strict notice requirements set forth in section 1161(2) of the Code of Civil Procedure relative to "a default in the payment of rent." As aptly argued in Appellant's Reply Brief:

> Against the backdrop of California's unlawful detainer statutory regime, as stated in the opening brief, San Diego's Good Cause Ordinance was adopted to "protect the rights of long-term residential tenants by limiting grounds for their eviction. . . " (SDMC §98.0701) by requiring that termination be based on a good cause that is specified in an additional notice.[4] The Good Cause Ordinance then explicitly states that "[t]he *landlord* shall provide the notice prior to or at the same time as the written notice of termination set forth in Civil Code section 1946.1, or a three-day notice described in Code of Civil Procedure sections 1161 and 1161a, is served on the tenant." SDMC §98.0750 (emphasis added).
>
> This Notice under the Good Cause Ordinance does not modify a landlord's obligations under California law: to the extent that Civil Code section 1946.1 applies, it still does, and to the extent that a three-day notice described in Code of Civil Procedure sections 1161 and 1161a is required, it is still mandatory- SDMC section 98.0750 …. does not somehow give a landlord a choice between providing written notice of termination under Civil Code section 1946.1 and Code of Civil Procedure section 1161, *et seq.* [fn5] Tenant, however, does not insist that **both** a 60-day notice under Civil Code§ 1946.1 **and** a three-day notice to pay rent or quit under CCP §§1161(2) and 1162 were required here, as Respondent erroneously asserts in its brief at p. 14. Landlord could have provided notice of its grounds for proceeding with the tenancy under the Good Faith Ordinance

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

prior to or at the same time as the requisite three-day notice required by California law.

Landlord cites no authority for the proposition that Landlord can evade or be relieved of its obligations under Code of Civil Procedure section 1161, *et seq.*, simply by *instead* satisfying Civil Code section 1946.1 where the stated cause for eviction is non-payment of rent. Rather, as discussed in Tenant's Opening Brief, strict adherence to California's statutory requirements for notice to tenants is of paramount importance when a landlord pursues an unlawful detainer action. *See*, *e.g.*, *WDT-WINCHESTER v. Nilsson* (1994) 27 Cal. App. 4th 516,526; *Kwok v. Bergren* (1982) 130 Cal. App. 3d 596, 599-600.

The unlawful detainer judgment is reversed and this matter is remanded to the trial court with directions to vacate the unlawful judgment, enter judgment in favor of defendant and against plaintiff nunc pro tunc to July 26, 2019, and, upon application, conduct a restitution hearing pursuant to Code of Civil Procedure section 908.

Appellant is awarded costs on appeal. (Rules of Court, rule 8.891.)

Unanimously reversed and remanded.

JULIA C. KELETY
Presiding Judge, Appellate Division

MAUREEN F. HALLAHAN
Judge, Appellate Division

DAVID M. RUBIN
Judge, Appellate Division

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

Counsel for Appellant, Robert Jacob:

DANIEL LICKEL, ESQ.
3533 FAIRMOUNT AVE.
SAN DIEGO, CA 92105


Counsel for Respondent, ESA Management, LLC:

AUDETTE PAUL MORALES, ESQ.
GORDON REES SCULLY MANSUKHANI LLP
5 PARK PLAZA, STE 1100
IRVINE, CA 92614

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**