Filed 8/10/22  El Pegasus v. Kaye CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| EL PEGASUS LLC, et al., | B310491 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20BBCV00157) |
| v. | |
| DEBRA KAYE, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed.

Law Offices of Steffanie Stelnick and Steffanie Stelnick for Plaintiffs and Appellants.

Shawn Kaye, in pro. per. and Debra Kaye, in pro. per. for Defendants and Respondents.

_____

Plaintiffs El Pegasus, LLC and Marvin Blum challenge the trial court's sustaining, without leave to amend, defendants Debra and Shawn Kaye's demurrer to plaintiffs' unlawful detainer (UD) complaint based on res judicata. We affirm as the judgment plaintiffs obtained against defendants in a separate breach of contract action addressed the same unpaid rental period for the same lease at issue in the UD action.

## *FACTUAL AND PROCEDURAL BACKGROUND*

### 1. The UD Complaint

On February 25, 2020, Plaintiffs filed a UD complaint in Case No. 20BBCV00157 against defendants in the Burbank Courthouse. Plaintiffs alleged that they were the owners of a residence on Chandler Boulevard in North Hollywood, and that defendants rented the residence from plaintiffs for $2,400 per month pursuant to an oral agreement entered into on April 1, 2016.

Plaintiffs alleged that on or about February 18, 2020, they caused a three-day notice to pay rent or quit to be served on defendants, which plaintiffs attached to the verified complaint as an exhibit. The three-day notice to quit demanded $2,400 per month for the time period beginning February 1, 2019 through January 31, 2020 (a total of $28,800 in back rent). The proof of service of notice attested that plaintiffs posted and mailed the three-day notice to quit on February 26, 2020.

The complaint sought damages of past due rent in the amount of $28,800, and damages at the rate of $80 per day beginning February 1, 2019.

### 2. The Breach of Contract Complaint

On February 27, 2020 (two days after filing the UD), plaintiffs filed a complaint for breach of contract against

2

defendants in Case No. 20STLC01930. This lawsuit was filed in downtown Los Angeles. The complaint alleged breach of the same oral lease for the same residence identified in the UD case and sought damages accruing from October 1, 2018. The complaint did not specify an end date for the accrual of damages. The complaint stated monthly rent was $2,400 and that a late fee of $240 was applied when rent was not received by the tenth day of the month. Plaintiffs prayed for $13,680 in total damages. Defendants did not file a responsive pleading to the breach of contract complaint, and, as we discuss below, a default was entered.

**3.    Demurrer in the UD Action**

On March 10, 2020, 12 days after filing the breach of contract action, defendants demurred to the UD action, asserting the complaint failed to allege facts sufficient to state a cause of action and was uncertain. The demurrer primarily addressed plaintiff Marvin Blum's standing and irregularities in the three-day notice. The court did not hear the demurrer for several months until November 20, 2020 due to continuances attributable to the COVID-19 pandemic.

**4.    Judgment in the Contract Action**

In the interim, plaintiffs had obtained entry of default against defendants in the breach of contract case. In support of the application for default judgment, plaintiff Blum attested: "The Defendants agreed to pay $2,400.00 per month to Plaintiff, made payable on the 1st of each month (delinquent if not received by the 10th day). If payment is delinquent a late fee of 10 [percent] ($240.00) will be due and payable immediately." Blum declared: "From October 1, 2018 to January 31, 2019, Shawn Kaye and Debra Kaye have accumulated over $13,680.00 in

3

unpaid/past due rent plus late fees. [¶] Plaintiff has since been forced to hire [counsel] to pursue legal action and has suffered in damages in an amount no less than $14,215.93."

On August 26, 2020, the trial court entered a default judgment in favor of plaintiffs on the breach of contract claim in the amount of $14,215.93 (composed of $13,680.00 in damages and $535.93 in costs).

**5.     Defendants Add Res Judicata to Their Demurrer Arguments on Reply**

On November 13, 2020, three and one-half months after default judgment had been entered in the contract case, defendants filed their reply brief to plaintiffs' opposition to the demurrer. In it, defendants argued for the first time that the judgment in the breach of contract action barred the UD action under principles of res judicata.

Defendants argued: "Plaintiffs have made an election of remedies that precludes the present lawsuit: Plaintiffs chose to file a civil action against these very same Defendants over the very same real property in this Los Angeles County at the downtown Los Angeles branch of the Superior Court. . . . [¶] Plaintiffs have attempted to 'split' their cause of action, contrary to California law." To their reply, defendants attached copies of the complaint and judgment from plaintiffs' breach of contract lawsuit, requesting the court take judicial notice of the documents.

4

### 6. The Court Sustains the Demurrer Based on Res Judicata

The court took judicial notice of plaintiffs' complaint and the judgment from the breach of contract case.[1] The trial court observed the breach of contract action was "based on substantially identical facts with identical parties as the instant [UD] action, and that the [court in the contract case] entered default judgment for Plaintiffs on August 26, 2020." The court found that the contract action and the UD action "make up a single claim."

The trial court held: "As judgment has been rendered on the merits as to [the breach of contract case], the Court finds that the instant action is barred based on res judicata and will thus sustain the demurrer. . . . What happened here is that by proceeding to judgment on the contract action, plaintiff has waived the three[-]day notice (i.e., the document which drives and controls the unlawful detainer action) and the claim of right to possession based on the notice. Defendants may remain in peaceable possession of the premises." The court sustained the demurrer without leave to amend.

### 7. The Court Grants Plaintiffs' Motion for Reconsideration, but Reinstates Its Prior Ruling

On November 24, 2020, plaintiffs moved the court to reconsider its ruling on the demurrer because their counsel was unable to respond in writing to the res judicata argument raised for the first time in defendants' reply brief, and because counsel

---

[1] " 'In ruling on a demurrer based on res judicata, a court may take judicial notice of the official acts or records of any court in this state.' " (*Boyd v. Freeman* (2017) 18 Cal.App.5th 847, 855, fn. 3; see Evid. Code § 452, subd. (c).)

had difficulty telephonically appearing for the original hearing on the demurrer.

On the merits, plaintiffs asserted res judicata was inapplicable because they had not asserted identical causes of action in the UD and breach of contract actions. Plaintiffs contended that the breach of contract case was solely to recover defendants' unpaid rent from October 1, 2018, to January 31, 2019, per plaintiff Blum's declaration. In contrast, the UD action covered the unpaid rent from February 1, 2019 to January 31, 2020, as shown by plaintiffs' three-day notice. The UD action alone sought possession.

In opposition, defendants argued, among other things, that the contract action overlaps with the UD action because the default judgment amount exceeded calculated damages for the claimed time period of October 1, 2018 to January 31, 2019, and the breach of contract complaint did not contain a date limitation on its face. The trial court granted reconsideration but affirmed its earlier ruling sustaining the demurrer.

The UD case was dismissed on December 28, 2020. Plaintiffs timely appealed.[2]

### DISCUSSION

Plaintiffs argue (1) they were deprived of due process because the trial court did not allow them an opportunity to respond to defendants' res judicata argument raised for the first time on reply, and (2) res judicata is inapplicable since the prior judgment in the breach of contract action against defendants did not involve possession and the back rent sought in the breach of

---

[2] Neither party appealed the judgment in the breach of contract action. We discuss it as part of our analysis of the appeal of the UD action.

6

contract action was for a different time period than the rent demanded in the three-day notice in the UD action.  We address each issue in turn.

## 1.    Plaintiffs Were Not Deprived Due Process

Plaintiffs assert they were deprived of due process.  We review this legal issue de novo.  (*Conservatorship of Christopher A.* (2006) 139 Cal.App.4th 604, 609–610.)

"The essence of procedural due process is notice and an opportunity to respond."  (*Gilbert v. City of Sunnyvale* (2005) 130 Cal.App.4th 1264, 1279.)  We will assume that the trial court initially erred when it sustained the demurrer based on defendants' res judicata argument raised for the first time in the reply brief, without providing plaintiffs an opportunity to respond.  The court, for example, could have continued the hearing and permitted a new round of briefing, allowing plaintiffs a chance to respond and defendant to reply, limited to the res judicata point.  However, the trial court ameliorated the problem by hearing on reconsideration plaintiffs' res judicata arguments on the merits.  Any error was undoubtedly harmless.  The court's minute order expressly considered plaintiffs' arguments when denying the motion for reconsideration.

Plaintiffs thus had notice and an opportunity to be heard on this issue.  Due process does not require reversal.

## 2.    Claim Preclusion (Res Judicata) Barred the UD Action

Plaintiffs contend the court erred in sustaining the demurrer because their UD complaint was not barred by res judicata.  " 'On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo:  we exercise our independent judgment about whether the complaint

7

states a cause of action as a matter of law.' " (*Villafana v. County of San Diego* (2020) 57 Cal.App.5th 1012, 1016.)

Courts "have frequently used 'res judicata' as an umbrella term encompassing both claim preclusion and issue preclusion, which [have been] described as two separate 'aspects' of an overarching doctrine. [Citations.] Claim preclusion . . . acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties. [Citation.] Issue preclusion, . . . historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit. [Citation.]" (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823–824 (*DKN Holdings*).) We follow our Supreme Court in referring "to 'claim preclusion' rather than 'res judicata[.]' " (*Samara v. Matar* (2018) 5 Cal.5th 322, 326 (*Samara*); see also *DKN Holdings,* at p. 824.)

"Claim preclusion prevents relitigation of entire causes of action. [Citations.] Claim preclusion applies only when 'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.' " (*Samara, supra,* 5 Cal.5th at pp. 326–327.) Claim preclusion is premised on the primary right theory. " 'As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the

8

injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." ' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904 (*Mycogen*).)

Here, the breach of contract action and the UD action involved the same parties, and plaintiffs continued to pursue the UD after obtaining a judgment in the contract action. At issue is whether the two complaints allege essentially the same cause of action, i.e., the same primary right. We agree with the trial court that they do, with a slight wrinkle.

The complaint in the contract action sought back rent beginning on October 1, 2018. The face of the complaint did not specify an end date for damages. The UD action likewise pursued unpaid rent, however its timeline for damages began on February 1, 2019. Based on the face of each complaint, plaintiffs' contract action encompassed the same injury as the UD action (failure to pay rent from February 2019 forward).[3]

---

[3] To be clear, if the breach of contract complaint had plainly sought rent from a period prior to the timeframe covered by the UD complaint, claim preclusion would not apply in the sense we have used it here. (*Hong Sang Market, Inc. v. Peng* (2018) 20 Cal.App.5th 474, 492 ["Because a court has no jurisdiction to award more than one year's back-due rent in an unlawful detainer action, res judicata principles suggest that an unlawful detainer judgment should not preclude a separate, civil action for back-due rent that is not recoverable in an unlawful detainer proceeding"].) Nevertheless, even limiting the damages in the breach of contract action to a period not covered by the three-day notice, would have raised a related claim preclusion issue. Claim preclusion operates when the plaintiff has raised a claim, *or could have raised it,* in the prior action. (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1191 [" 'If claim preclusion is

Plaintiffs argue that the contract action was for a different time period of unpaid rent than that sought in the UD action, relying on plaintiff Blum's declaration filed in support of the breach of contract judgment. Blum's declaration does not change our analysis. Primary rights are framed by the claims plaintiff made in the complaint, not the damages finally obtained through the default prove-up. "The primary right theory is a theory of code pleading that has long been followed in California. It provides that a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] . . ." (*Mycogen, supra*, 28 Cal.4th at p. 904; *Boyd v. Freeman* (2017) 18 Cal.App.5th 847, 855 [the court examines the facts alleged in complaint to assess whether there was a violation of a single primary right].)

That the UD complaint also requested possession does not change our analysis. Though the violation of a single primary right may entitle plaintiffs to multiple remedies, the remedies are not determinative: " ' "the relief is not to be confounded with the cause of action, one not being determinative of the other." ' " (*Mycogen, supra*, 28 Cal.4th at p. 904.) Here, both the contract action and the UD action sought to remedy the same injury, asserted the same primary right – damages for nonpayment of rent for the same period.

established, it operates to bar relitigation of the claim altogether.' [Citation.] Claim preclusion also 'bars claims *that could have been* raised in the first proceeding' "].)

10

We disagree with plaintiffs' cry that the trial court effectively held " 'Well, the landlord won some back rent, so now the tenants just get to stay in the premises indefinitely.' " True, the minute order indicates that defendants can continue to reside at the residence. However, that is because this particular UD complaint, based on this particular three-day notice, is no longer valid. We do not read the minute order as expressing an opinion on any future unlawful detainer case or three-day notice.

"A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements." (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697.) "A notice that seeks rent in excess of the amount due is invalid and will not support an unlawful detainer action. [Citation.]" (*Levitz Furniture Co. v. Wingtip Communications* (2001) 86 Cal.App.4th 1035, 1038.) Since plaintiffs are barred by their breach of contract judgment from seeking rent accrued between February 1, 2019 and February 27, 2020, the three-day notice claiming $28,800 in past-due rent from that time period is of no force or effect and cannot support the UD action to evict defendants. We express no opinion on the efficacy of any other three-day notice or unlawful detainer action.

### *DISPOSITION*

The judgment is affirmed.  Defendants and respondents Debra and Shawn Kaye are awarded their costs on appeal.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.