Filed 1/24/25

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| CYRIL HEFFESSE, | ) | 24APLC00099 |
| | ) | |
| Plaintiff and Appellant, | ) | Stanley Mosk Trial Court |
| | ) | |
| v. | ) | No. 23STUD14819 |
| | ) | |
| KARINA YAMILETH PORTILLO GUEVARA et al., | ) | |
| | ) | |
| | ) | **OPINION** |
| Defendants and Respondents. | ) | |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Andrew Esbenshade, Judge.  Affirmed.

Davidovich Stein Law Group, Niv V. Davidovich and Jodi C. Rosner, for Plaintiff and Appellant.

Legal Aid Foundation of Los Angeles, Amanda McNally, for Defendants and Respondents.

\*          \*          \*

INTRODUCTION

Plaintiff and appellant Cyril Heffesse appeals the judgment entered in favor of defendants Karina Yamileth Portillo Guevara (hereafter "Guevara"), Jonny Alexis Sanchez and Tania Portillo following the trial court's granting of their motion for judgment on the pleadings. Plaintiff contends the trial court erred in determining that the notice to pay rent or quit overstated the amount of rent due by including the Systematic Code Enforcement Program (SCEP) fees. Plaintiff also contends the court erred in denying him leave to amend the complaint. As explained below, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2023, plaintiff filed an unlawful detainer complaint against defendants based on a three-day notice to pay or quit. Plaintiff alleged he rented to defendants the premises located at 9639 1/2 S. Hoover St., in Los Angeles, California pursuant to a written lease agreement; defendants rented the premises at a rental rate of $1,550.00 per month payable on the first of the month; a copy of the notice was served on defendants on October 6, 2023; and defendants did not comply with the notice. Plaintiff sought $3,132.64 in past due rent, possession of the premises, damages in the amount of $51.66 per day, forfeiture of the agreement, and reasonable attorney fees and costs.

The notice, which was attached to the complaint, stated, in pertinent part, that defendant Guevara was "required to make payment payable to: Titan Asset Management LLC (Landlord) the rent for the premises amounting to the total sum of $3,132.64 calculated as follows: $23.76 which came due August 1st for the rental period from 08/01/2023 through 08/31/2023[;] $1,554.44 which came due September 1st for the rental period from 09/01/2023 through 09/30/2023[; and] $1,554.44 which came due October 1st for the rental period from 10/01/2023 through 10/31/2023" within three days or quit. (Underlining and some capitalization omitted.)

On March 27, 2024, defendants filed a motion for summary judgment on the basis that the three-day notice was "fatally defective." Specifically, defendants argued plaintiff's notice overstated the rental amount due because it demanded $1,554.44 per month for September and October 2023 instead of $1,550 per month as noted in the complaint, and defendants had made

2

payment for August 2023 which plaintiff did not account for in the notice. In support of their motion, defendants attached Guevara's declaration, and a September 22, 2023 notice from plaintiff to defendants stating that effective November 1, 2023, their "rent of $1,550.00 will be changed to a new monthly rental rate of $1,480.00."

On March 28, 2024, the matter was called for non-jury trial. Plaintiff's counsel announced ready for trial and argued defendants' motion should be denied as untimely. In response to the court's inquiry, defense counsel reiterated the arguments set forth in the motion. Plaintiff's counsel asserted that whether the notice overstated the amount due was an issue for a trier of fact to decide. The trial court found the motion for summary judgment was untimely and indicated the matter would proceed to trial.

Immediately thereafter, defense counsel orally moved for a judgment on the pleadings because "on the face of the complaint" plaintiff stated the rental amount per month was $1,550, yet the notice demanded payments in the amount of $1,554.44 per month. Plaintiff's counsel stated that she had "the lease … agreement in front of [her], it's for $1,550 and $4 of SCEP fees. So we are demanding $1554.44 for the months of September and October."[1] The court indicated that it was unsure whether landlords are "allowed to include SCEP fees as rent in the three-day notice as opposed to a separate failure to comply with terms of the lease to pay those amounts." Plaintiff's counsel argued the SCEP fees were "always permitted" to be included as "part of the rent." Defense counsel countered the SCEP fees are "additional fees, they are not rent fees[. . . but instead are] the same as late charges or other fees and therefore they cannot be included in a notice."[2] The court took the matter under submission.

---

[1]The lease agreement is not included as part of the record on appeal.

[2]While the complaint did not plead that the rental unit was subject to the Los Angeles Rent Stabilization Ordinance (LARSO), Los Angeles Municipal Code, section 151.00 et seq., neither party challenges that the rental property is subject to LARSO. Moreover, on appeal, both parties cite to LARSO in support of their respective arguments regarding whether SCEP fees can be considered rent.

The court issued its ruling later that day, concluding "a SCEP fee is not 'rent' under LAMC[3] (Los Angeles Municipal Code) [section] 151.02 and cannot be demanded in a notice to pay rent or quit, absent a separate agreement between the parties to treat the fee as rent. Plaintiff has not asserted the existence of or presented evidence of any such separate agreement here, and so the Court finds that the Notice is overstated and thus invalid on its face." The court entered judgment in favor of defendants and filed a notice of entry of judgment on the same day.

Plaintiff filed a timely appeal of the judgment on April 4, 2024.

DISCUSSION

*LARSO Does Not Categorize SCEP Fees as Rent*

In his opening brief, plaintiff contends SCEP fees are a "rental surcharge" under section 151.05.1 and thus are "an additional amount that may be added to the rent." We disagree.

Standard of Review and Applicable Legal Principles

As this case involves interpretation of legal principles and statutes and the application of law to facts that are not in dispute, we exercise de novo review as to whether judgment was properly entered. (*Bawa v. Terhune* (2019) 33 Cal.App.5th Supp. 1, 5 (*Bawa*).)

Under LARSO, "rent" is defined as "[t]he consideration, including any bonus, benefits or gratuity, demanded or received by a landlord for or in connection with the use or occupancy of a rental unit, including but not limited to monies demanded or paid for the following: meals where required by the landlord as a condition of the tenancy; parking; furnishings; other housing services of any kind; subletting; or security deposits." (§ 151.02.) Courts have concluded that there is a differentiation between "'rent' in the form of regular periodic payment for the occupancy and other duties owed to the landlord. We conclude that that differentiation results in 'rent' for purpose of the time limitation of [Code of Civil Procedure] section 1161, referring only to the periodic payment which the parties have themselves labeled as 'rent' and not to other obligations, even though involving the payment of money." (*Cal–American Income Property Fund IV v. Ho* (1984) 161 Cal.App.3d 583, 586.)

---

[3]Unless otherwise designated, all further statutory references are the Los Angeles Municipal Code.

Section 151.05 specifically governs rental unit registration renewal fees and related surcharges, and is aptly titled "REGISTRATION, NOTIFICATION OF TENANTS, POSTING OF NOTICE AND PAYMENT OF FEES."  There is no reference to or mention of SCEP fees in section 151.05.  The rules governing the SCEP fees are provided in section 151.05.1, a completely different section of LAMC, which is titled "PASSTHROUGH OF SURCHARGE FOR THE SYSTEMATIC CODE ENFORCEMENT FEE."  That section provides, in pertinent part that "[f]or a rental unit for which the Systematic Code Enforcement Fee has been paid [by the landlord] pursuant to Section 161.352 of the Los Angeles Municipal Code, the landlord may demand and collect a rental surcharge from the tenant of the rental unit as follows: [¶]. . .[¶] E. Effective January 1, 2022, a landlord may collect 1/12 of 50% of the annual Systematic Code Enforcement Fee from the tenant of the rental unit per month."  (§ 151.05.1, subd. (E).)  The section of the statute pertaining to evictions provides that a tenant's "fail[ure] to pay rent to which the landlord is entitled, including amounts due under Subsection F. of Section 151.05" constitutes one of the grounds upon which a "landlord may bring an action to recover possession of a rental unit."  (§ 151.09, subd. (A)(1).)

The statutory language is clear.  Under LARSO, a landlord may bring an eviction action against a tenant for the tenant's failure to pay rent to which the landlord is entitled, which includes the rental unit registration renewal fees and related surcharges due under section 151.05, subsection (F).  Not only is the SCEP fee not listed as an amount due under section 151.05, subsection (F), the legislative branch of the City of Los Angeles took care to address it in a separate and distinct section—section 151.05.1.  "When one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning. [Citation.] A court may not rewrite a statute, either by inserting or omitting language, to make it conform to a presumed intent that is not expressed."  (*Cornette v. Dept. of Transportation* (2001) 26 Cal.4th 63, 73-74.)  "'"[I]f there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs." [Citation.]' [Citation.]"  (*Esa Management, LLC v. Jacob* (2012) 63 Cal.App.5th Supp. 1, 4.)  "'It is a cardinal rule of statutory construction that in attempting to ascertain the legislative intention, effect should be given as often as possible to

5

the statute as a whole and to every word and clause, thereby leaving no part of the provision useless or deprived of meaning. [Citation.]' [Citation.]" (*Ibid.*)

Plaintiff cites *Bawa*, *supra*, 33 Cal.App.5th Supp. 1 in support of his position that SCEP fees can be included with and considered rent. Plaintiff's reliance is misplaced. As plaintiff notes in his opening brief, *Bawa* held that a trivial breach (i.e., de minimus underpayment of rent) is insufficient to support an unlawful detainer action. While the plaintiff in *Bawa* did include the SCEP fee in the "unpaid and delinquent rent" total included in the three-day notice, whether the SCEP fees could be categorized as rent pursuant to LARSO was not at issue before the *Bawa* court; nor did the court consider it. "[I]t is axiomatic that a decision does not stand for a proposition not considered by the court." (*People v. Barker* (2004) 34 Cal.4th 345, 354.)

Given that the clear and unambiguous statutory language has settled this issue, we need not address the role of "consideration" or lack thereof in determining whether pursuant to LARSO the SCEP fees should be categorized as "rent." (See *City of Alameda v. Sheehan* (2024) 105 Cal.App.5th 68, 75 ["'If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction.'"].) We hold that under the LARSO statute, the SCEP fee is not considered rent. Accordingly, a tenant's failure to pay the SCEP fee does not constitute a ground upon which a landlord may initiate an unlawful detainer action.

*The Motion for Judgment on the Pleadings Was Properly Granted*

On appeal from a judgment of dismissal after a pleading challenge in an unlawful detainer action, we apply a de novo standard of review. (*Lee v. Kotyluk* (2021) 59 Cal.App.5th 719, 728.) "'"A motion for judgment on the pleadings serves the function of a demurrer, challenging only defects on the face of the complaint." [Citation.] As with a demurrer, "[t]he grounds for a motion for judgment on the pleadings must appear on the face of the complaint or from a matter of which the court may take judicial notice.'" [Citation.] To withstand such a motion, 'it is not enough that [plaintiffs] could assert a viable theory. "A [motion for judgment on the pleadings] tests the legal sufficiency of factual allegations *in [the] complaint*."' [Citation.]" (*Ibid.* [italics and brackets in original].) "No extrinsic evidence can be considered." (*Jayasinghe v. Lee* (1993) 13 Cal.App.4th Supp. 33, 36.)

A three-day notice to pay rent or vacate the premises issued pursuant to Code of Civil Procedure section 1161, subdivision 2 must state the "*exact* sum due." (*Jayasinghe v. Lee*, *supra*, 13 Cal.App.4th Supp. at p. 37 [italics in original].) "A notice that seeks rent in excess of the amount due is invalid and will not support an unlawful detainer action." (*Levitz Furniture Co. v. Wingtip Communications* (2001) 86 Cal.App.4th 1035, 1038; see also, *North 7th Street Associates v. Constante* (2016) 7 Cal.App.5th Supp. 1, 5 [same]; *Olivares v. Pineda* (2019) 40 Cal.App.5th 343, 354 [same].)

"'A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. [Citation.]' [Citation.] A judgment must be reversed when it is based on a three-day notice which lacks the information required by Code of Civil Procedure section 1161, subdivision 2." (*Foster v. Williams* (2014) 229 Cal.App.4th Supp. 9, 14.)

Here, the record reflects that the rent amount was $1,550 per month. The complaint indicates that defendant agreed to pay monthly rent of $1,550. In her declaration, signed under penalty of perjury, defendant declares that her "rent has been $1,550.00 since [she] moved into the premises." The September 2023 notice from Titan Asset Management, LLC, reflects that effective November 1, 2023, the rental rate of "$1,550.00 [would] be changed to a new monthly rental rate of $1,480.00 and would continue to be payable in advance on the 1st of each and every calendar month." The only document that lists a different rent amount is the three-day notice, which reflects the amount due for each delinquent month as $1554.44. Plaintiff does not dispute that the $1554.44 figure includes the SCEP fee. Given our analysis above wherein we determined that the SCEP fee is not rent, and given plaintiff's acknowledgement that the amount sought on the three-day notice included the SCEP fee, the notice overstates the amount due and cannot support an unlawful detainer action. (See *Jayasinghe v. Lee*, *supra*, 13 Cal.App.4th Supp. at p. 38.)

Moreover, plaintiff's demand of payment of two different delinquent amounts based on a monthly rent amount of $1,550 listed in the complaint and the amount of $1554.44 listed in the three-day notice, creates precisely the type of ambiguity that the legislature intended to

avoid in amending the unlawful detainer statutes. (See *City of Alameda v. Sheehan, supra*, 105 Cal.App.5th at p. 82 ["Taken together, these discrepancies result in the ambiguity and confusion that the amendment to [Code of Civil Procedure] section 1161[, subdivision] (2) endeavored to avoid. As a result, the notice here fails to strictly comply with section 1161(2) and cannot support an unlawful detainer action."].) Because the three-day notice did not strictly comply with the notice requirements of the unlawful detainer statutes, which were intended to prevent tenant confusion by setting forth clear rules regarding payment of rent, the notice was fatally defective. (See *Foster v. Williams, supra,* 229 Cal.App.4th Supp. 9.)

*Leave to Amend*

Plaintiff's contention that the trial court erred in denying leave to amend lacks merit. As a preliminary matter, we note that the record does not reflect plaintiff sought leave to amend at any point after the trial court granted the motion for judgment on the pleadings, or that the issue was brought before the trial court at any point. Nor does the record reflect that the trial court explicitly addressed whether leave to amend was granted or denied when it made its ruling. Under Code of Civil Procedure section 472c, subdivision (a) the general rule is that, "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made." (Code Civ. Proc., § 472c, subd. (a).) However, the general rule permitting the request to be made for the first time on appeal does not apply "if the trial court sustains a demurrer with leave to amend and the plaintiff elects not to amend the pleading. [Citation.] In those circumstances, '"it must be presumed that the plaintiff has stated as strong a case as he can."'" (*Las Lomas Land Co., LLC v. City of L.A.* (2009) 177 Cal.App.4th 837, 861 [concluding plaintiff forfeited its claim of error based on the denial of leave to amend where plaintiff expressly elected not to amend the pleading].) Here, nothing in the record reflects that plaintiff was precluded from seeking leave to amend the complaint. We therefore conclude that plaintiff elected not to amend the complaint, and has forfeited his claim of error on this ground. (*Ibid*.)

Moreover, even if the claim is not forfeited, there was no abuse of discretion here. (*Haley v. Dow Lewis Motors, Inc.* (1999) 72 Cal.App.4th 497, 506 [leave to amend a complaint

is reviewed for abuse of discretion].)  Plaintiff's failure to strictly adhere to the statutorily-mandated notice requirements made the notice "invalid on its face" as it is well settled that a defective three-day notice cannot support an unlawful detainer action.  (See *Levitz Furniture Co. v. Wingtip Communications*, *supra*, 86 Cal.App.4th at p. 1038 ["Due to the summary nature of such an action, a three-day notice is valid only if the landlord strictly complies with the provisions of [Code of Civil Procedure] section 1161, subdivision 2."]; see also *Hinman v. Wagnon* (1959) 172 Cal.App.2d 24, [affirming the trial court's order sustaining a demurrer without leave to amend and holding that plaintiff failed to state an unlawful detainer cause of action where the notice to quit for failure to pay rent was not framed correctly].)  We will not disturb the trial court's exercise of discretion in the absence of a clear showing of abuse, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice.  (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.)

## DISPOSITION

The judgment is affirmed.  Defendants are awarded costs on appeal.


_____
Guillemet, J.

We concur:


_____                    _____
Kumar, Acting P. J.                                 Ricciardulli, J.