[No. D018832. Fourth Dist., Div. One. Aug. 11, 1994.]

S. JAMES BEVILL, Plaintiff and Respondent, v.
LATIF ZOURA, Defendant and Appellant.

COUNSEL

Geraci & Cooper, Alan L. Geraci, Shifflet, Walters, Kane & Konoske and Alisa L. Marblestone for Defendant and Appellant.

Giomi, Twersky & Woods and Jeffrey Twersky for Plaintiff and Respondent.

OPINION

NARES, J.—Landlord S. James Bevill prevailed in an unlawful detainer action against his tenant Latif Zoura. Zoura appeals, asserting defects in the three-day notice to pay rent or quit. We reverse the judgment.

FACTUAL BACKGROUND

In August 1989, Bevill, the owner of a Chula Vista shopping center, entered into a commercial lease agreement with Zoura. On November 25, 1992, Bevill served Zoura with a three-day notice to pay rent or quit. The three-day notice stated that Zoura owed $40,033.28 in rent and common area maintenance charges from April 1991 through November 1992. The notice specified that this total included $17,932.70 in rent owed between April 1991 and December 1991. Thus, Bevill requested rent owed more than one year before service of the notice.

After Zoura failed to vacate the premises or pay the $40,033.28 within the three-day period, Bevill filed an unlawful detainer action. Bevill attached a copy of the three-day notice to the complaint. Bevill subsequently filed an amended complaint containing the same allegations as in the original complaint except that it referred to a second three-day notice served on December 7, 1992. It is undisputed that the two notices were identical.

In his answer, Zoura denied the allegations of the amended complaint and asserted several affirmative defenses, including that Bevill accepted rent after the three-day notice period expired and Bevill agreed to modify the lease requiring Zoura to pay only one-half of his rental obligation.

The court found in Bevill's favor, awarding Bevill possession of the premises, $21,958 in rent payments from January 1, 1992, to the date of judgment, and $5,469 in unpaid adjustments owed under the lease.

DISCUSSION

Zoura contends the three-day notice to pay rent or quit was defective because it asked for more than one year's rent.[1]

■ A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. (Code Civ. Proc., § 1161, subd. 2; *Cal-American Income Property Fund IV* v. *Ho* (1984) 161 Cal.App.3d 583, 585 [207 Cal.Rptr. 532].) Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. (*Kwok* v. *Bergren* (1982) 130 Cal.App.3d 596 [181 Cal.Rptr. 795].)

A three-day notice must contain "the amount which is due." (Code Civ. Proc., § 1161, subd. 2.) A notice which demands rent in excess of the amount due does not satisfy this requirement.[2] (*Id.*, § 1161, subd. 2; *Nourafchan* v. *Miner* (1985) 169 Cal.App.3d 746, 753 [215 Cal.Rptr. 450]; *Ernst Enterprises, Inc.* v. *Sun Valley Gasoline, Inc.* (1983) 139 Cal.App.3d 355, 359 [188 Cal.Rptr. 641].) This rule ensures that a landlord will not be entitled to regain possession in an unlawful detainer action unless the tenant has had the opportunity to pay the delinquent rent. (*Valov* v. *Tank* (1985) 168 Cal.App.3d 867, 872 [214 Cal.Rptr. 546].)

Additionally, a three-day notice to pay or quit must be served within "one year after the rent became due." (Code Civ. Proc., § 1161, subd. 2; see *Cal-American Income Property Fund IV* v. *Ho, supra,* 161 Cal.App.3d at p. 585.) If a landlord waits over one year to sue for unpaid rent, the landlord is limited to collecting such rent in an ordinary breach of contract action, "with all the delays that remedy normally involves and without restitution of the demised property." (*Ibid.*)

■ In this case, Bevill's notice asked for $40,033.28, reflecting $17,932.70 in rent owed for more than one year. Bevill admitted at trial that

---

[1]Zoura also says the notice was defective because it requested nonrent in the form of common area maintenance charges. The argument is without merit. A three-day notice is not limited to rent per se; it may include "any sums due under the lease." (*Canal-Randolph Anaheim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477, 492 [144 Cal.Rptr. 474].) Because paragraph 7b of the parties' lease required Zoura to pay a portion of common area charges, Bevill's inclusion of these unpaid amounts in the three-day notice was proper.

[2]Where a commercial landlord "clearly identif[ies]" that the amount due is an estimate, the notice is not defective if the amount was "reasonably estimated." (Code Civ. Proc., § 1161.1, subd. (a).) Bevill does not claim to come within this exception. We agree this rule is inapplicable here since Bevill's notice did not state that the amount alleged to be due was an "estimate."

he would not have accepted "anything less" than the $40,033.28 specified in the notice. Zoura was therefore not given the proper opportunity to cure and prevent an unlawful detainer action. Accordingly, Bevill's notice was insufficient to support the unlawful detainer action.

Bevill concedes that his three-day notice requested rent due for over one year and therefore was defective. He instead argues that Zoura waived his right to assert defects in the notice by failing to assert such matter as an affirmative defense.

Generally, a party must raise an issue as an affirmative defense where the matter is not responsive to essential allegations of the complaint. (See Code Civ. Proc., § 431.30, subd. (b)(2); *State Farm Mut. Auto. Ins. Co.* v. *Superior Court* (1991) 228 Cal.App.3d 721, 725 [279 Cal.Rptr. 116]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1004, pp. 425-426.) Thus, where a defendant relies on facts not put in issue by the plaintiff, the defendant must plead such facts as an affirmative defense. (*State Farm Mut. Auto. Ins. Co.*, *supra*, 228 Cal.App.3d at p. 725.) "Where, however, the answer sets forth facts showing some essential allegation of the complaint is not true, such facts are not 'new matter,' but only a traverse. [Citation]." (*Ibid.*)

Here, Bevill's complaint alleged that "[a]t the time the 3-day notice to pay rent or quit was served, the amount of rent due was $40,033.28." The three-day notice made clear that the $40,033.28 demand included rent owed more than one year before the three-day notice was served. In his answer, Zoura specifically denied as "false" Bevill's assertion that $40,033.28 was due. Because Bevill was required to plead he had properly served a valid three-day notice and the facts constituting ineffective notice appeared on the face of the notice, Zoura was not required to plead his theory of ineffective notice as an affirmative defense.

In reaching this conclusion, we find it significant that at trial Bevill was fully apprised of the nature of Zoura's defense. In his trial brief, Zoura specifically contended that the three-day notice improperly demanded rent for a period in excess of one year and cited authorities for the proposition that such demand rendered the three-day notice invalid. Bevill does not assert he was unfairly surprised or prejudiced by Zoura's failure to raise the issue as an affirmative defense. On this record, Zoura did not waive his right to assert deficiencies in the three-day notice by failing to raise the issue as an affirmative defense.

## DISPOSITION

Judgment reversed.

Huffman, Acting P. J., and Froehlich, J., concurred.