Filed 9/13/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CITY OF ALAMEDA,<br><br>    Plaintiff and Appellant,<br>v.<br>SHELBY SHEEHAN,<br><br>    Defendant and Respondent. | A168300<br><br>(Alameda County Super. Ct. No. 22CV009959) |

In this unlawful detainer action, plaintiff City of Alameda (City) appeals from judgment entered in favor of defendant Shelby Sheehan after a successful pleading challenge. The trial court dismissed the action after concluding that "person," as used in Code of Civil Procedure[1] section 1161, subdivision 2 (section 1161(2)), means a natural person only and, consequently, finding the City's three-day notice to pay rent or quit defective for identifying an entity as payee. Although we agree with the trial court's ultimate determination that the three-day notice here is defective and therefore affirm, we disagree with the court's unduly narrow definition of "person." We hold that as used in section 1161(2), "person" is defined by section 17 and includes corporations as well as natural persons. (§ 17, subd. (b)(6).)

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

1

## BACKGROUND

In May 2017, the City, as the property owner, and Sheehan, as the tenant, entered into a lease agreement for residential property located in Alameda, California.[2] In December 2020, Sheehan stopped paying rent and did not pay rent for over 17 months.

On April 5, 2022, the City served Sheehan with a three-day notice to pay rent or vacate the premises pursuant to section 1161(2). The notice states, in relevant part, that payment "must be made by cash or check, payable to City of Alameda and must be delivered to City of Alameda c/o River Rock Real Estate Group at 950 West Mall Square, Suite 239, Alameda, California 94501." (Boldface omitted.)

The three-day period expired without Sheehan paying rent or vacating the premises, and the City initiated this action for unlawful detainer.[3]

Sheehan moved for judgment on the pleadings, contending that the notice was defective. Sheehan argued that the notice failed to provide the name of a natural person to whom rent may be paid and that the notice's "vague demand for unspecified sums of rent" failed to state the precise amount of rent owed.

In opposition, the City argued that "person," as used in section 1161(2), is not limited to a natural person and "includes, among other things, a corporation or public entity." The City further asserted that the notice sufficiently states "the total sum due" and "breaks down the outstanding rent" month-by-month.

---

[2] A non-party to this action signed the lease on the City's behalf.

[3] Although the City filed the initial complaint on April 12, 2022, due to writ proceedings not relevant to this appeal, the action did not proceed until February 2, 2023. (See *City of Alameda v. Superior Court* (Jan. 12, 2023, A165610) [alternative writ of mandate issued].)

2

The trial court agreed with Sheehan's first argument, concluding that section 1161(2) requires a three-day notice to identify a natural person. The trial court further found the notice served on Sheehan was ambiguous because it "states that [Sheehan] can only pay by cash or check, but then indicates in the next paragraph that she can pay by personal check, cashier's check, money order or cash." Finding these defects fatal, the court declined to address Sheehan's argument concerning the precise amount of rent and entered judgment against the City.

The City timely appealed.[4]

## DISCUSSION

On appeal from a judgment of dismissal after a pleading challenge in an unlawful detainer action, we apply a de novo standard of review. (*Lee v. Kotyluk* (2021) 59 Cal.App.5th 719, 728.) We assume the truth of all properly pled facts and consider matters subject to judicial notice. (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)

The City raises three issues in this appeal: (1) whether section 1161(2) requires a three-day notice to include the name of a natural person, as opposed to a corporation or other entity; (2) whether the notice here satisfies

---

[4] The City subsequently initiated a new unlawful detainer action against Sheehan that proceeded to jury trial. Judgment was entered for the City in January 2024 and has been appealed. (See Nos. A170340 & A170059.) We grant Sheehan's request to take judicial notice of the complaint and three-day notice served in the subsequent action (exhibit F), and, on our own motion, we take judicial notice of the judgment reflected in the public register of actions in *City of Alameda v. Sheehan*, Alameda County Superior Court, No. 23CV037422, which suggests this appeal may be moot. However, we exercise our discretion to decide this appeal because it presents an issue of broad public interest that is likely to recur. (*Berroteran v. Superior Court* (2022) 12 Cal.5th 867, 876–877.) We express no opinion as to the new three-day notice or matters raised in Nos. A170340 and A170059, which are not before us.

the requirements of section 1161(2); and (3) whether the notice is ambiguous as to form of payment. We conclude section 1161(2) does not require identification of a natural person in a three-day notice; nevertheless, the notice here still fails to comply with section 1161(2).

## I. Section 1161(2) Does Not Limit "Person" to a Natural Person

In the context of three-day notices, we are asked to decide whether the "person" to whom rent shall be paid means a natural person only, as Sheehan contends, or whether it includes corporations or other entities, as the City argues.

According to the well-established principles of statutory construction, our charge is to determine the Legislature's intent and give effect to the law's purpose. (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190.) We begin by giving "the words of the statute 'a plain and commonsense meaning' unless the statute specifically defines the words to give them a special meaning." (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1083 (*MacIsaac*), quoting *Flannery v. Prentice* (2001) 26 Cal.4th 572, 577.) "If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction." (*MacIsaac*, at p. 1083; see also *United Riggers & Erectors, Inc. v. Coast Iron & Steel Co.* (2018) 4 Cal.5th 1082, 1089–1090.) But "[e]ven where the plain language of the statute dictates the result, the legislative history may provide additional authority confirming the court's interpretation of the statute." (*Boy Scouts of America National Foundation v. Superior Court* (2012) 206 Cal.App.4th 428, 443.)

The Unlawful Detainer Act (§§ 1159–1179a) sets forth procedures "for landlords and tenants to resolve disputes about who has the right to possess real property." (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 394

4

(*Stancil*).)  "The Act is broad in scope and available to both lessors and lessees who have suffered certain wrongs committed by the other."  (*Losornio v. Motta* (1998) 67 Cal.App.4th 110, 113.)

Section 1161(2) provides that a tenant is guilty of unlawful detainer when the tenant continues in possession of a rental property without the permission of the landlord after default in the payment of rent.  (§ 1161(2); *Stancil*, *supra*, 11 Cal.5th at p. 395.)  Under such circumstances, service of a "valid three-day notice to pay rent or quit is a prerequisite to an unlawful detainer action."  (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697.)

Prior to 2001, section 1161(2) "required the three-day notice to state the amount of rent that was due, without listing any information regarding how payment was to be made."  (*Foster v. Williams* (2014) 229 Cal.App.4th Supp. 9, 16 (*Foster*).)  However, in 2001, Senate Bill No. 985 amended section 1161(2) to require that three-day notices "include the name, telephone number, and address of the person to whom the rent shall be made, or other specified information. . . ."  (Legis. Counsel's Dig., Sen. Bill No. 985 (2001–2002 Reg. Sess.) Summary Dig., ¶ 4.)  The Legislature added these informational requirements to avoid confusion and "protect both landlords and tenants alike, by setting forth clear rules for payment to whom and where."  (Assem. Com. on Housing and Community Development, Analysis of Sen. Bill No. 985 (2001–2002 Reg. Sess.), as amended July 9, 2001, p. 7.)

In relevant part, section 1161(2) provides that a three-day notice must specify in writing, "the amount that is due, the name, telephone number, and address of the *person* to whom the rent payment shall be made . . . ." (§ 1161(2), italics added.)  The statute goes on to permit payments made in person, by mail, to financial institutions, or through a "previously established" electronic funds transfer procedure.  (*Ibid*.)  "[I]f payment may

5

be made personally," then the notice should include "the usual days and hours that person will be available to receive the payment . . . ." (*Ibid.*)  But if the provided address "does not allow" for personal delivery, "it shall be conclusively presumed" that the payment was received by the owner on the date posted.  (*Ibid.*)  If payment may be made to a financial institution, then the notice should include the account number for payment as well as "the name and street address of the institution . . . ." (*Ibid.*)

Here, the words of the statute reveal no ambiguity.  A three-day notice must include "the name, telephone number, and address of the *person* to whom the rent payment shall be made." (§ 1161(2), italics added.)  Although section 1161 does not define "person," section 17 of the Code of Civil Procedure does:  "As used in this code, the following words have the following meanings, unless otherwise apparent from the context:  [¶] . . . [¶] (6) 'Person' includes a corporation as well as a natural person." (§ 17, subd. (b)(6).)

We see no reason to depart from this statutory definition, because nothing is "apparent from the context" of section 1161 to suggest that section 17's definition of person should not apply.  (§ 17, subd. (b).)  For example, section 1161, subdivision 6 (section 1161(6)), also uses the term "person" without further definition:  "As used in this section:  [¶] . . . [¶] 'Tenant' includes any *person* who hires real property . . . ." (Italics added.)  Common sense and case law both recognize that the unlawful detainer statutes apply to corporate tenants.  (See, e.g., *Levitz Furniture Co. v. Wingtip Communications, Inc.* (2001) 86 Cal.App.4th 1035, 1036, 1043 [finding "a commercial lessor's three-day notice to quit or pay" valid as to corporate tenant].)  Yet Sheehan asks us to disregard basic principles of statutory construction and instead find that section 1161(2) limits "person" to a natural person when section 1161(6) includes corporations within its

6

definition of "person." (*Mendoza v. Nordstrom, Inc.* (2017) 2 Cal.5th 1074, 1087 ["statutory language is to be understood in context, with the whole of a statute considered when attempting to construe each part"].) We decline to do so.

Since we find no ambiguity in section 1161(2), "we need not refer to extrinsic sources." (*United Riggers & Erectors, Inc.*, *supra*, 4 Cal.5th at pp. 1089–1090.) However, because the parties make arguments based on Senate Bill No. 985, we address the legislative history surrounding the amendments to section 1161(2) concerning three-day notices, which confirms our interpretation. (*MacIsaac*, *supra*, 134 Cal.App.4th at p. 1087.)

When Senate Bill No. 985 amended Code of Civil Procedure section 1161(2) in 2001, it also amended or repealed and added several other statutes arguably relevant to this analysis, including: Civil Code section 1954.52 (concerning rental rates); Civil Code sections 1962, 1962.5, and 1962.7 (concerning rental agreements and related disclosures and service of process provisions); and Civil Code section 1946.1 (concerning the renewal or termination of rental agreements with unspecified lease terms). (Legis. Counsel's Dig., Sen. Bill No. 985 (2001–2002 Reg. Sess.), as chaptered Oct. 11, 2021.) As Sheehan acknowledges, Senate Bill No. 985 did not amend section 1161(6). Instead, the Legislature chose to leave unaltered the undefined and unlimited use of "person" in section 1161(6)'s definition of "tenant." Because courts have found three-day notices valid as to corporate tenants, we must presume that the Legislature was " 'aware of and to have acquiesced in' " the inclusion of corporations in section 1161's use of person. (*California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 587, quoting *Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 734; see also, e.g., *Fifth &*

7

*Broadway Partnership v. Kimny, Inc.* (1980) 102 Cal.App.3d 195, 201 [pre-amendment decision finding a three-day notice valid when served on the president of the corporate sublessee].)  Considering this presumption, we see no legislative basis for limiting "person" in section 1161(2) to only natural persons while including corporations and other entities within the meaning of "person" as used in section 1161(6).

As a further example of the Legislature's intent not to limit Code of Civil Procedure section 1161(2)'s use of "person," Senate Bill No. 985 amended Civil Code section 1946.1 to read "natural person or persons" without making equivalent revisions to section 1161(2).  (Legis. Counsel's Dig., Sen. Bill No. 985 (2001–2002 Reg. Sess.), as amended Aug. 21, 2001 [requiring 30-days' notice of termination of an unspecified lease term if "[t]he purchaser is a natural person or persons"].)  Where the Legislature clearly "could have" specified *natural* person in section 1161(2) and did not, we will not " 'insert what has been omitted or otherwise rewrite the law to conform to an intention that has not been expressed.' " (*Herrera v. Hernandez* (2008) 164 Cal.App.4th 1386, 1391–1392.)

In the face of these legislative acts supporting the use of section 17, subdivision (b)(6)'s definition of "person" in section 1161(2), Sheehan offers a number of alternative arguments.  Sheehan first contends that section 1161(2)'s use of "the person *to whom* the rent payment shall be made" demonstrates an intent to define "person" as a natural person because, if corporations were to be included, "the [L]egislature would have used 'whom or which' instead of simply 'whom.' " (Italics added.)  However, as the City points out, the Legislature also used "whom" in reference to a "person or entity" in Civil Code section 1962, which Senate Bill No. 985 amended along with Code of Civil Procedure section 1161(2).  (Civ. Code, § 1962, subd. (a)(2)

8

[the rental agreement must "[d]isclose therein the name, telephone number, and address of the person or entity *to whom* rent payments shall be made"], italics added; see also Legis. Counsel's Dig., Sen. Bill No. 985 (2001–2002 Reg. Sess.) § 3.)  Thus, the use of "whom" remains consistent with the application of section 17's broader definition of person, which includes corporations.

In the same vein, Sheehan urges us to consider the "analogous portions of Civil Code section 1962" in construing Code of Civil Procedure section 1161(2).  (Capitalization omitted.)  Sheehan explains that Civil Code section 1962 is "meant to work together [with section 1161(2)] to keep the tenant informed of acceptable payment methods and persons authorized to receive such payments."  Thus, according to Sheehan, Code of Civil Procedure section 1161(2) "mirrors the language of Civil Code section 1962," which uses "person" to mean "natural person" and separately refers to "entity" when a non-natural person is intended.  We are not persuaded.

Subdivision (a)(1) of Civil Code section 1962 (section 1962(a)(1)) concerns personal service and requires property owners disclose "the name, telephone number, and usual street address at which personal service may be effected of each *person*" authorized to manage the premises or authorized to act for and on behalf of the owner.  (Civ. Code, § 1962(a)(1), italics added.)  But designating a natural person for the purpose of service of process under Civil Code section 1962(a)(1) does not compare to Code of Civil Procedure section 1161(2)'s three-day notice requirements because "formal service of process performs two important functions"; it confers jurisdiction and "protects a defendant's due process right."  (*Rockefeller Technology Investments (Asia) VII v. Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 139.)  Service of a three-day notice, on the other hand, "is

9

merely an element of an unlawful detainer cause of action that must be alleged and proven for the landlord to acquire possession," and is governed by a separate statute. (*Borsuk v. Appellate Division of Superior Court* (2015) 242 Cal.App.4th 607, 612–613 ["Those courts and treatises that have . . . described the service of the three-day notice as jurisdictional are incorrect"]; see also § 1162.) Sheehan's analogy therefore fails.

Sheehan continues, arguing that the Legislature's use of "person or entity" rather than simply "person" in Civil Code section 1962, subdivision (a)(2) (section 1962(a)(2)) means entities are not included within Code of Civil Procedure section 1161(2)'s use of "person." But the statutory context of Civil Code section 1962 defeats this argument. Section 1962(a)(2) requires disclosure in the rental agreement of "the name, telephone number, and address *of the person or entity* to whom rent payments shall be made." (Civ. Code, § 1962(a)(2), italics added.) The immediately following subdivision (A) of Civil Code section 1962(a)(2) provides for personal payment of rent, while subdivision (B) allows for rental payments to be made directly to financial institutions or through an electronic funds transfer.[5] These

---

[5] The relevant language of Civil Code section 1962(a)(2) reads as follows:

"(a) Any owner of a dwelling structure specified in Section 1961 or a party signing a rental agreement or lease on behalf of the owner shall do all of the following: [¶] . . . [¶]

(2) Disclose therein the name, telephone number, and address of the person or entity to whom rent payments shall be made.

(A) If rent payments may be made personally, the usual days and hours that the person will be available to receive the payments shall also be disclosed.

(B) At the owner's option, the rental agreement or lease shall instead disclose the number of either:

subdivisions show that the use of "entity" in Civil Code section 1962(a)(2) is not limiting, it is clarifying: it merely explains the provisions to follow. If we adopted Sheehan's argument and analogized these payment provisions of Civil Code section 1962(a)(2) to the notice provisions of Code of Civil Procedure section 1161(2), we would be authorizing a rental agreement to provide for payments to an "entity" but then prohibiting that same "entity" from being named as a payee in a three-day notice. Such an interpretation defies logic, and we decline to adopt it. (*California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 340 [declining to adopt "a literal interpretation of the statutory language" where it would result in "capricious results unintended by the Legislature"].)

Sheehan also refers us to *Diamond View Limited v. Herz* (1986) 180 Cal.App.3d 612 (*Diamond View*). *Diamond View* concluded that section 17's definition of person "obviously conflicts" with the purpose of California's civil harassment statute, section 527.6. (*Diamond View*, at p. 618.) In so holding, the court reasoned that section 527.6 defined harassment "in terms of its effect on the victim," including "emotional states exhibited by natural persons, not by legal fictions." (*Diamond View*, at p. 618.) The court also considered the "expressly declare[d]" objective of section 527.6 to protect an "*individual's* right to pursue safety, happiness and privacy as guaranteed by the California Constitution.'" (*Diamond View*, at p. 618.) As the civil harassment statutory context and the stated legislative objective both demonstrated a clear focus on natural persons, *Diamond View*

---

(i) The account in a financial institution into which rent payments may be made, and the name and street address of the institution; provided that the institution is located within five miles of the rental property.

(ii) The information necessary to establish an electronic funds transfer procedure for paying the rent."

11

understandably found corporations to be excluded from section 527.6's definition of person. (*Diamond View*, at pp. 618–619.)

By contrast, section 1161(2) lacks any similar reference to emotional states or individual rights that would suggest a "person" is limited to a natural person in the unlawful detainer context. Rather, the unlawful detainer statutes provide a summary *procedure* for quickly resolving disputes over possession that balances "a tenant's right to enjoy leased real property without disturbance and a landlord's right to ownership income." (*Stancil*, *supra*, 11 Cal.5th at pp. 390, 394.) As it is undisputed that corporations and other entities, like the City, can serve as landlords (e.g., *KB Salt Lake III, LLC v. Fitness Internat., LLC* (2023) 95 Cal.App.5th 1032 [affirming summary judgment for entity landlord in unlawful detainer action pursuant to 1161(2)]; Rest.2d Property, § 1.3 ["The contemplated landlord or tenant may be a corporation"]), requiring a three-day notice to name a natural person as payee in all circumstances unnecessarily restricts a landlord's ability to provide statutory notice to a tenant in default. It is also inconsistent with the language of the statute itself, which permits payments *not* to be made in person ("if the address does not allow for personal delivery") and authorizes payments to financial institutions (not natural persons) and through electronic means such as a "previously established" electronic funds transfer (not involving natural persons). (§ 1161(2).)

For its part, the trial court relied upon *Foster*, *supra*, 229 Cal.App.4th Supp. 9, to conclude the notice "in this case is facially deficient because the tenant cannot be certain that the person receiving the payment will apply it to the appropriate account." But *Foster* is inapposite. The three-day notice in *Foster* named "Rick" as payee, thus there was no question if the notice needed to name a natural person. (*Id*. at p. 13.) Instead, the issue in *Foster* was

12

whether the "address of the person to whom the rent payment shall be made" permitted payment through a web-based uniform resource locator (URL) address (authorizing electronic payment through the internet) rather than a physical address. (*Id.* at p. 16.) Thus, *Foster*'s reference to "the person receiving the payment" cannot be extended to require a three-day notice under section 1161(2) to identify a natural person. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043 ["It is axiomatic that cases are not authority for propositions that are not considered"].)

Therefore, we hold that "person" as used in section 1161(2) includes a corporation as well as a natural person—an interpretation that is consistent with the purpose of the unlawful detainer statutes and supported by the specific language of section 1161 and its statutory and legislative context.[6] (§ 17, subd. (b)(6).)

## II. The Notice Fails to Comply with Section 1161(2)

Next, we turn to the three-day notice served upon Sheehan and conclude that it fails to comply with section 1161(2) because the notice does not include the complete and accurate name of the corporation to whom rent should be paid.

---

[6] For clarity, we do not hold that a three-day notice naming a corporation will always be valid, nor do we intend to limit the definition of person to only corporations and natural persons. (*Oil Workers Internat. Union, CIO v. Superior Court* (1951) 103 Cal.App.2d 512, 570 ["The statement that the word person 'includes' a natural person and corporation leaves open for consideration what other types of entities that word includes when used in a particular context to meet a given situation"].) We merely hold that "person" as used in section 1161(2) does not mean *only* a natural person. With that understanding, the ultimate adequacy of a three-day notice remains a question for trial courts consistent with the circumstances of each case.

"A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. [Citation.]" (*Bevill v. Zoura, supra*, 27 Cal.App.4th at p. 697.) While a three-day notice may comply with section 1161(2) if it names a corporation or entity, the name must be correct and complete.

On appeal, Sheehan renews her request for judicial notice of two business searches on the California Secretary of State's website.[7] The first search is for "River Rock Real Estate Group," which returned no results. The second search is for "River Rock Real Estate," without the word "Group." The search returned four entities consisting of limited liability companies and corporations, only one of which was active at the time: "River Rock Real Estate, LLC."

In response, the City asks us to take judicial notice of a California Secretary of State filing that reflects the true entity name as "RiverRock Real Estate Group, Inc.," with its principal address in Irvine, California.

These California Secretary of State records show that the notice here does not provide the correct spelling or complete name of the corporation to whom rent should be paid. In contrast with the Secretary of State filing submitted by the City, the notice spells "River Rock" as two words instead of the single word: "RiverRock." The notice also fails to identify the corporate

---

[7] We grant Sheehan's request for judicial notice with respect to exhibits B and C, which are California Secretary of State business searches, in addition to exhibit F, referenced above. (Evid. Code, § 452, subd. (c).) We grant the City's request as to exhibit B: the California Secretary of State filing for RiverRock Real Estate Group, Inc. We otherwise deny the requests as irrelevant. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)

14

form of "RiverRock Real Estate Group, Inc.," which, while not necessary in all circumstances, creates confusion here where multiple similarly named entities with different corporate forms are registered, and none bear the same address that is listed on the notice. Taken together, these discrepancies result in the ambiguity and confusion that the amendment to section 1161(2) endeavored to avoid. As a result, the notice here fails to strictly comply with section 1161(2) and cannot support an unlawful detainer action. (*Bevill v. Zoura, supra,* 27 Cal.App.4th at p. 697.)

Therefore, despite our disagreement with the trial court's definition of "person," we affirm the order granting Sheehan's motion and entry of judgment in Sheehan's favor. (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201 ["If the appealed judgment or order is correct on any theory, then it must be affirmed regardless of the trial court's reasoning, whether such basis was actually invoked"].) Because we find the City's notice defective for failing to provide the complete and accurate name of the corporation to whom rental payments should be made, we need not address the trial court's finding of ambiguity based on payment method.

## DISPOSITION

The judgment in favor of Sheehan is affirmed. In the interests of justice, the parties are to bear their own costs. (Cal. Rules of Court, rule 8.278(a)(5).)

_____
DESAUTELS, J.

We concur:


_____
STEWART, P. J.


_____
RICHMAN, J.

*City of Alameda v. Sheehan* (A168300)

Trial Court:                               Alameda County Superior Court

Trial Judge:                             Hon. Victoria Kolakowski

Attorneys for Plaintiff and Appellant:

Farella Braun + Martel
Thomas B. Mayhew
Janice W. Reicher
Hilary Krase

Yibin Shen, City Attorney
Michael H. Roush, Chief Assistant City Attorney

Attorneys for Defendant and Respondent:

East Bay Community Law Center
Marc S. Janowitz
Ubaldo Fernandez

17