Filed 1/16/25  Napa Industries v. A-Z Communications CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NAPA INDUSTRIES, LLC, | B327760 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 22CHCV00394) |
| A-Z COMMUNICATIONS, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randy Rhodes, Judge.  Reversed.

Law Office of Daniel J. Bramzon & Associates and Kevin Hermansen for Defendant and Appellant.

Darling & Wilson and Joshua G. Wilson for Plaintiff and Respondent.

_____

A-Z Communications, Inc. appeals from a judgment entered after a jury rendered a verdict in favor of its landlord, Napa Industries, LLC, in an unlawful detainer trial. A-Z Communications contends Napa Industries' three-day notice to pay rent or quit did not comply with Code of Civil Procedure section 1161, subdivision (2) (section 1161(2)), and therefore substantial evidence does not support the jury's verdict. Napa Industries contends the jury properly considered the parties' custom and practice of meeting in person at an agreed-upon location for A-Z Communications to make a cash payment for rent in determining the adequacy of the notice. We agree with A-Z Communications that the three-day notice was defective, and we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Lease Agreement, Three-day Notice, and Complaint*

On June 1, 2020 Napa Industries and A-Z Communications entered into a five-year commercial lease agreement covering the period from June 1, 2020 to June 28, 2025. Under the lease agreement, A-Z Communications agreed to pay $18,750 in monthly rent by the first of the month to lease commercial real property in Chatsworth (the Property). The lease agreement provided, "Rent shall be paid to . . . Kingdom Hospitality Group, LLC via Bank Deposit Citibank Branch . . . or Kingdom Hospitality's Office: 5330 Derry Ave Ste H Agoura Hills, CA 91301." (Boldface and capitalization omitted.)

On April 6, 2022 Napa Industries served a "Notice to Pay Rent or Quit" (three-day notice) on A-Z Communications. The

2

three-day notice states the total unpaid rent due was $37,500 for the period March 1 to April 30, 2022.  Further, A-Z Communications had to pay the rent within three days or vacate the premises and surrender possession.  The three-day notice specifies, "Rent shall be delivered to: Barry Deshnad . . . whose phone number is [Deshnad's phone number] . . . If paid in Cash, a safe and convenient location agreed upon between Barry and David.  Otherwise, Direct Bank Deposit: Citibank.  [¶]  Rent may be delivered in person between the hours of 8-5 of the following days: Mon-Sun."  (Boldface omitted.)  The three-day notice does not identify the Citibank account number or the bank's address.

A-Z Communications did not pay the back rent, and on June 4, 2022 Napa Industries filed an unlawful detainer complaint against A-Z Communications.  The complaint alleged the parties had a written five-year lease agreement; Napa Industries served AZ-Communications with the three-day notice by "personally handing a copy to defendant," "posting a copy on the premises," and "mailing a copy to defendant at the premises on" April 6, 2022; and A- Z Communications failed to comply with the requirements of the notice by the end of the three-day period, April 11, 2022.  The commercial lease agreement and the three-day notice were attached as exhibits to the complaint (and later admitted at trial).

B.    *The Unlawful Detainer Trial*

At the two-day jury trial, Napa Industries called Brook Fain and Paul Morady as witnesses on its behalf.[1]  Fain and Morady are co-owners and members of Napa Industries and Kingdom Hospitality, LLC.  The corporations are sister entities and have the same bank accounts and employees.  The Property is a commercial warehouse.   Napa Industries previously owned the Property, but it transferred the Property to Kingdom Hospitality in connection with the loan on the Property.  Napa Industries manages the Property for Kingdom Hospitality.  Napa Industries has an office location at 5330 Derry Avenue, Suite H, Agoura Hills, and a separate postal annex location where it only receives mail at 5739 Kanan Road, Box #292, Agoura Hills.

In 2015 Napa Industries and A-Z Communications entered into a lease agreement that commenced on June 1, 2015.  On June 1, 2020 Morady, on behalf of Napa Industries, and David Slobodetsky, on behalf of A-Z Communications, entered into a new five-year lease for $18,750 in monthly rent.  After A- Z Communications failed to pay rent for March and April 2022, Fain and Morady prepared the three-day notice.  The three-day notice, which had Morady's telephone number and the 5739 Kanan Road mailing address written at the bottom of the notice, instructed A-Z Communications to pay the rent to Deshnad.  Morady signed the three-day notice and personally

---

[1]    The parties agreed not to have a court reporter present for the trial.  We therefore rely on A-Z Communications' first amended proposed settled statement, which the trial court certified was an accurate summary of the testimony and other evidence relevant to the appeal.  (Cal. Rules of Court, rule 8.137(b)(1)(A).)

4

served it on A-Z Communications.  Morady testified that the parties' custom and practice regarding rent payment was for Deshnad and Slobodetsky to communicate by text messages to choose a convenient location to meet.  Deshnad and Slobodetsky would typically meet at a restaurant or hotel in the area, and Slobodetsky would pay the rent in cash.  The parties' normal method of communication was by group text messages, and service of notices was typically done by mail.  Service by mail was made by Napa Industries to A- Z Communications at the Property's address.

A- Z  Communications called Slobodetsky as its only witness.  Slobodetsky, the principal of A- Z Communications, testified he normally paid the rent in cash by texting Deshnad and meeting him in person.  In early 2022 Slobodetsky began receiving notices of default in the mail pertaining to the mortgage on the Property.  He tried to contact Deshnad in April and May 2022 to meet up and pay the rent, but Deshnad "was unresponsive."  In May 2022 Slobodetsky received a copy of the three-day notice, but he still could not reach Deshnad.

After A-Z Communications rested its case, it moved for a directed verdict outside the jury's presence.  In its brief in support of the motion, A-Z Communications argued it was entitled to a directed verdict because the three-day notice failed to include the address of the person to whom the rent should be paid, as required under section 1161(2).  Moreover, the three-day notice's reference to payment by direct deposit at Citibank did not satisfy the requirement under section 1161(2) that the notice state "the number of an account in a financial institution into which the rental payment may be made, and the name and street address of the institution (provided that the institution is

5

located within five miles of the rental property)." According to the notice of ruling filed by A-Z Communications, "[a]fter hearing the arguments of counsel, the court denied the motion on the basis that under the jury instruction CACI 4303 the jury could find that the notice properly provided a way to make the rent payment."

The court then instructed the jury with a modified version of CACI No. 4303, which stated, "Napa Industries, LLC contends that it properly gave A-Z Communications, Inc[.] three days' notice to pay the rent or vacate the property. To prove that the notice contained the required information and was properly given, Napa Industries, LLC must prove all of the following: [¶] 1. That the notice informed A-Z Communications, Inc[.] in writing that it must pay the amount due within three days or vacate the property. [¶] 2. That the notice stated the amount due, and the name, telephone number, and address of the person to whom the amount should be paid, and the usual days and hours that the person would be available to receive the payment; and the form of payment accepted. [¶] 3. That the notice was given to A- Z Communications, Inc[.] at least three days before June 1, 2022." (Capitalization omitted.)

C.    *The Verdict and Judgment*

The jury found in favor of Napa Industries and awarded it $194,375 in damages.

The jury answered the following questions on the special verdict form:

"1. Is Napa Industries, LLC, the Owner of the property located at 9611 Canoga Avenue, Chatsworth, CA 91311?" Answer: "Yes."

6

"2. Did A-Z Communications, Inc[.] fail to make at least one rental payment to Napa Industries, LLC as required by the lease agreement?" Answer: "Yes."

"3. Did Napa Industries, LLC properly give A- Z Communications, Inc[.] a written notice to pay the rent or vacate the property at least three days before June 1, 2022?" Answer: "Yes."

"4. Was the amount due stated in the notice no more than the amount that A-Z Communications, Inc[.], actually owed?" Answer: "Yes."

"5. Did A-Z Communications, Inc[.], pay the amount stated in the notice within three days after service or receipt of the notice?" Answer: "No."

"6. What is the amount of unpaid rent owed to Napa Industries, LLC? Include all amounts owed and unpaid from 03/01/2022 through 04/30/2022 the date of expiration of the three-day notice." Answer: "Total Unpaid Rent: $37,500."

"7. What are Napa Industries, LLC's damages? Determine the reasonable rent value of the property from 05/01/2022 the date of expiration of the three-day notice, through 1/10/2023." Answer: "Total Damages: $156,875."

The jury verdict concluded by asking the jury to select one of two options, and the jury checked the box for: "We find in favor of Napa Industries, LLC and against A-Z Communications, Inc[.] and award damages to Napa Industries, LLC in the amount of $194,375." (Capitalization omitted.)

On January 18, 2023 the trial court entered judgment in favor of Napa Industries "[b]ased on the factual findings of the

7

jury" and stated the jury awarded $194,375 in holdover damages to Napa Industries. The judgment further stated, "Napa Industries, LLC is the prevailing party and shall have judgment for possession of the property, located at 9611 Canoga Avenue, Chatsworth, CA 91311, unpaid rent, and holdover damages in the amount of $194,375.00."

A-Z Communications timely appealed from the judgment.[2]

---

[2] The March 9, 2023 notice of appeal states the appeal is from the January 18, 2023 "[j]udgment after jury trial" and "[a]n order after judgment under Code of Civil Procedure, § 904.1(a)(2)." We treat the appeal as taken from the judgment. Although A-Z Communications references in its opening brief the trial court's March 7, 2023 order denying A-Z Communications' motion for judgment notwithstanding the verdict, it does not state in its notice of appeal that it is appealing the March 7, 2023 order, nor does it check the box for an order after judgment under Code of Civil Procedure section 904.1, subdivision (a)(4), for an appeal "[f]rom an order granting a new trial or denying a motion for judgment notwithstanding the verdict." "'[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*In re Joshua S.* (2007) 41 Cal.4th 261, 272; accord, *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 883.) However, "'"[w]here several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal."'" (*Pfeifer v. John Crane, Inc.* (2013) 220 Cal.App.4th 1270, 1316; accord, *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 223.) In any event, because we reverse the judgment, we need not reach whether the trial court erred in denying the motion for judgment notwithstanding the verdict.

## DISCUSSION

A.   *Standard of Review*

"In determining whether substantial evidence supports the judgment, 'we review the evidence in the light most favorable to the prevailing party and "presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." [Citation.] Reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the jury verdict.'" (*Casey N. v. County of Orange* (2022) 86 Cal.App.5th 1158, 1170-1171; accord, *Quintero v. Weinkauf* (2022) 77 Cal.App.5th 1, 5.)[3]

B.   *The Three-Day Notice Failed To Comply with Section 1161(2)*

"The Unlawful Detainer Act [(Code Civ. Proc., §§ 1159-1179a)] governs the procedure for landlords and tenants to resolve disputes about who has the right to possess real

---

[3]   We apply the same standard in an appeal from a trial court's denial of a defendant's motion for a directed verdict. "When the trial court denies a directed verdict motion and the jury finds in the plaintiff's favor, an appellate court's review is 'functionally equivalent' to reviewing whether there was substantial evidence to support the verdict." (*Diego v. City of Los Angeles* (2017) 15 Cal.App.5th 338, 349; accord, *Eucasia Schools Worldwide, Inc. v. DW August Co.* (2013) 218 Cal.App.4th 176, 181.) In light of our conclusion that substantial evidence did not support the judgment, the trial court likewise erred in denying A-Z Communications' motion for a directed verdict.

9

property. [Citations.] Given the need for quick, peaceful resolutions of unlawful detainer actions, the statutory procedures must be strictly adhered to, including the stringent requirements for service, notice, and filing deadlines." (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 394-395; accord, *Dr. Leevil, LLC v. Westlake Health Care Center* (2018) 6 Cal.5th 474, 480 ["'It has long been recognized that the unlawful detainer statutes are to be strictly construed and that relief not statutorily authorized may not be given due to the summary nature of the proceedings. [Citation.] The statutory requirements in such proceedings "'must be followed strictly.'"'"]; *City of Alameda v. Sheehan* (2024) 105 Cal.App.5th 68, 75 (*Sheehan*).)

"Section 1161(2) provides that a tenant is guilty of unlawful detainer when the tenant continues in possession of a rental property without the permission of the landlord after default in the payment of rent." (*Sheehan, supra*, 105 Cal.App.5th at p. 75.) When the tenant continues in possession, "service of a 'valid three-day notice to pay rent or quit is a prerequisite to an unlawful detainer action.'" (*Ibid*; accord, *Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697.) Section 1161(2) provides that the three-day notice must state in writing the amount of rent that is due and specify one of three options for payment: (1) payment to an individual, stating "the name, telephone number, and address of the person to whom the rent payment shall be made, and, if payment may be made personally, the usual days and hours that person will be available to receive the payment";[4] (2) payment to

---

[4] Section 1161(2) further provides as to payment to an individual that "if the address does not allow for personal

10

a financial institution, stating "the number of an account in a financial institution into which the rental payment may be made, and the name and street address of the institution (provided that the institution is located within five miles of the rental property)"; or (3) "if an electronic funds transfer procedure has been previously established, . . . payment may be made pursuant to that procedure."

The three-day notice is only valid if the landlord strictly complies with the notice requirements of section 1161(2). (*Sheehan, supra*, 105 Cal.App.5th at pp. 81-82; *Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697 [three-day-notice was defective because it stated amount of rent in excess of what was due].) If the landlord does not strictly comply with the requirements for a three-day notice, the landlord cannot prevail in an unlawful detainer action, and instead, ""a landlord's remedy is an ordinary suit for breach of contract with all the delays that remedy normally involves and without restitution of the demised property."" (*WDT-Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 526; accord, *Bevill*, at p. 697.)

The legislative history of section 1161(2) reflects the Legislature's intent to protect landlords and tenants by setting clear requirements for how past due rent should be paid, specifying to whom and where. (*Sheehan, supra*, 105 Cal.App.5th at p. 75.) As the *Sheehan* court explained, "Prior to 2001, section 1161(2) 'required the three-day notice to

delivery, then it shall be conclusively presumed that upon the mailing of any rent or notice to the owner by the tenant to the name and address provided, the notice or rent is deemed received by the owner on the date posted, if the tenant can show proof of mailing to the name and address provided by the owner."

state the amount of rent that was due, without listing any information regarding how payment was to be made.' [Citation.] However, in 2001, Senate Bill No. 985 (2001-2002 Reg. Sess.) (Senate Bill No. 985) amended section 1161(2) to require that three-day notices 'include the name, telephone number, and address of the person to whom the rent shall be made, or other specified information . . . .' (Legis. Counsel's Dig., Sen. Bill No. 985 (2001-2002 Reg. Sess.) 5 Stats. 2001, Summary Dig., p. 332.) The Legislature added these informational requirements to avoid confusion and 'protect both landlords and tenants alike, by setting forth clear rules for payment to whom and where.' (Assem. Com. on Housing and Community Development, Analysis of Sen. Bill No. 985 (2001-2002 Reg. Sess.) as amended July 9, 2001, p. 7.)" (*Sheehan*, at p. 75; accord, *Foster v. Williams* (2014) 229 Cal.App.4th Supp. 9, 16 (*Foster*).)

The jury was correctly instructed with CACI No. 4303 that Napa Industries had to prove that "the notice stated the amount due, and the name, telephone number, and address of the person to whom the amount should be paid, and the usual days and hours that the person would be available to receive the payment; and the form of payment accepted." In the special verdict form, the jury found Napa Industries "properly [gave] A- Z Communications, Inc[.] a written notice to pay the rent or vacate the property at least three days before June 1, 2022." The jury's finding is not supported by substantial evidence.

The three-day notice provided the name of the person to whom rent payments should be made: Barry Deshnad. The notice also provided Deshnad's telephone number. But the notice did not include an address where rent could be paid, as

12

required under section 1161(2).  Instead, the notice stated the rent, if paid in cash, shall be paid at "a safe and convenient location agreed upon between Barry and David" to be "delivered in person between the hours of 8-5" from Monday to Sunday. (Boldface omitted.)

Napa Industries contends the verdict was supported by evidence that the notice provided for payment of rent by means of the parties' customary method of rent payment:  for Deshnad and Slobodetsky to communicate by text messages to choose a convenient location to meet, which typically was at a restaurant or hotel in the area, and for Slobodetsky to pay the rent in cash. Although the notice was consistent with the parties' custom and practice regarding rent payment, this method of payment did not comply with the requirement in section 1161(2) that the landlord list an address for the payment of rent.  (See *Foster, supra*, 229 Cal.App.4th Supp. at p. 16 [three-day notice that listed an URL address but no physical address for payment of rent failed to comply with section 1161(2)].)  Moreover, the facts of this case underscore the need for the requirement in section 1161(2) that a three-day notice specify a physical address where the rental payment can be made—according to the testimony of Slobodetsky, he attempted to reach Deshnad to set up a meeting to pay the past due rent in compliance with the three-day notice, but he could not reach him.

Because the three-day notice failed to strictly comply with section 1161(2), substantial evidence does not support the jury's finding that Napa Industries gave A-Z Communications a legally sufficient three-day notice to pay rent or vacate the Property. (See *Sheehan, supra*, 105 Cal.App.5th at p. 82 [notice that does "not provide the correct spelling or complete name of the

13

corporation to whom rent should be paid" failed "to strictly comply with section 1161(2) and [could not] support an unlawful detainer action"].)

Napa Industries argues the judgment should be affirmed because A-Z Communications did not challenge the sufficiency of the three-day notice's provision for a second payment method based on the electronic funds transfer procedure. As discussed, the three-notice provides that if A-Z Communications does not pay rent in cash, it may pay by "Direct Bank Deposit: Citibank." Section 1161(2) allows a landlord to specify in the three-day notice that the rent payment may be made by "an electronic funds transfer procedure" if the procedure has been previously established. But Napa Industries did not present evidence at trial that A-Z Communications had ever paid its rent by an electronic funds transfer. As discussed, the only evidence at trial was that Slobodetsky would meet Deshnad at a restaurant or hotel to pay the rent in cash. Moreover, the jury was not instructed that Napa Industries could alternatively prove the three-day notice was adequate by stating the rent could be paid by an electronic funds transfer. Because there is no evidence the parties previously established a procedure for payment of rent by an electronic funds transfer, the three-day notice did not satisfy section 1161(2)'s requirements with respect to payment by an electronic funds transfer procedure. (See *Foster, supra*, 229 Cal.App.4th Supp. at p. 17 [section 1161(2)'s third alternative for rent payment "cannot be satisfied without stating [in the three-day notice] that payment is to be made pursuant to

14

the parties' previously established procedure for electronic payment"].)[5]

## DISPOSITION

The judgment is reversed.  A-Z Communications is entitled to recover its costs on appeal from Napa Industries.


                                         FEUER, J.

We concur:


        MARTINEZ, P. J.



        STONE, J.

---

[5]     Napa Industries does not argue that reversal of the judgment should be limited to the issue of possession of the Property and not the jury's award of $194,375 in damages. Because a valid three-day notice is a prerequisite to an unlawful detainer action (*Sheehan, supra*, 105 Cal.App.5th at p. 75; *Bevill v. Zoura, supra*, 27 Cal.App.4th at p. 697), we reverse the judgment in its entirety.